


PLAINTIFF'S EXHIBIT
A

La Unión del Pueblo Entero
1601 U.S. Business 83
San Juan, Texas 78589
(956) 787-2233

Juanita Valdez-Cox
Executive Director
juanitavc@lupenet.org

May 14, 2021

*Via Email to* *fema-foia@fema.dhs.gov*

FEMA Information Management Division
FOIA Request
500 C Street, S.W., Mailstop 3172
Washington, D.C.  20472

      Re:    Freedom of Information Act Request

Dear Sir or Madam:

    On behalf of *La Unión del Pueblo Entero* ("LUPE") and pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(2) ("FOIA"), I request that the Federal Emergency Management Agency ("FEMA") make publicly available in its online electronic reading room:

a. all records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance under the Individuals and Households Program ("IHP") established in 42 U.S.C. § 5174 following a disaster declared after January 1, 2019; and

b. all records that state any future change to any existing substantive or procedural IHP standard described above, regardless of whether the change is disaster-specific or applies to all future disasters.

Records that are responsive to this request include without limitation all IHP documents that FEMA has labeled or refers to as: (1) Standard Operating Procedures; (2) IHP Inspection Guidelines; (3) IHP Line Items; (4) Response and Recovery Directorate Guidance; (5) FEMA Policy Memoranda; (6) Policy and Guidance Quick Reference Guide; (8) FEMA Helpline Guidance Manuals; (9) IHP Toolbox; (10) Habitability Document; (11) Filed Inspector Manuals; (12) Pre-Shift Instructions; (13) Contractor Training Documents; and (14) Periodic Text or Email Updates Sent to Inspection Contractors.

1

All of the requested records are either "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;" or they are "administrative staff manuals and instructions to staff that affect a member of the public," as specified in 5 U.S.C. § 552(a)(2)(B)-(C). Consequently, FOIA requires FEMA to make these records publicly available in its electronic reading room.

LUPE requests (a) expedited processing of this request, and (b) that no fees be charged to LUPE for FEMA's work in publishing the requested records. The same facts support both requests, as follows.

Because FOIA requires FEMA to make these records available in its online electronic reading room, no fees can be charged for processing this request. In the alternative, LUPE requests that all fees in connection with this request be waived in accord with 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)(1)(i) and (ii) because LUPE does not seek the records for a commercial purpose and disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." The records requested will contribute to the public's understanding of FEMA's disaster-assistance decisionmaking, specifically whether decisions meet the standard specified by Congress in 42 U.S.C. § 5151(a). FEMA itself formally agrees that this serves the public interest in 44 C.F.R. § 1.4. The records requested will also help disaster survivors learn how they may effectively appeal adverse decisions, which is necessary to a "fair and impartial consideration" of any appeal, as specified in 42 U.S.C. § 5189a(c). Publication of the requested records is necessary to realize FOIA's core goal of preventing the development of "secret agency law." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975)). Because "the public is vitally concerned" with the reasons underlying FEMA's disaster-assistance decisions, continuing to withhold the substantive and procedural standards that FEMA uses to make its decisions "is offensive to FOIA." *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 360 (2d Cir. 2005) (internal quotation marks omitted).

LUPE is a nonprofit membership organization that provides educational and other services to low-income families throughout South Texas. LUPE makes its educational services available nationwide on the Internet. Because LUPE's members have qualified for IHP under at least eight declared major disasters over the past fifteen years, including the February 2021 winter storm that produced the largest economic devastation of any Texas disaster (FEMA Disaster No. 4586-TX), LUPE is keenly interested in helping its members understand how FEMA makes its IHP decisions. LUPE needs this information not only to serve its individual members, but also to further its mission of promoting fair treatment of low-income families by the Government.

LUPE does not have a commercial interest in the requested records. Instead LUPE intends that FEMA provide the information to members of the public free of charge. As a result, LUPE could not benefit commercially from a favorable response to this request, and the request will help disaster survivors access the assistance allowed by law.

Expedition is necessary under DHS's FOIA regulations because this request involves the potential loss of substantial due process rights as referenced in 6 C.F.R. § 5.5(e)(1)(iii).

Specifically, residents of declared disaster areas need the requested records to properly appeal any adverse IHP decisions that are made, and appeals are subject to FEMA's 60-day appeal deadline stated in 44 C.F.R. § 206.115(a). Without the requested records, applicants to FEMA may submit incomplete or inaccurate appeals, and lose the opportunity to properly show the damage to their home caused by a disaster. If FEMA cannot provide all of the records on an expedited basis, I request that FEMA provide as many of the records as it can provide on an expedited basis and provide the remainder as soon as required by law.

Accordingly, although FEMA should not charge any fees for the processing of this request under 5 U.S.C. 552(a)(2), I request in the alternative that LUPE be granted a fee waiver and not be charged any fees associated with processing this request, and that FEMA expedite processing of this request.

I expect a substantive response to this request within 20 working days as provided by law. If you deny this request in whole or in part, please state exactly what appeal or other procedures are available to secure FEMA's final decision as to what information it will disclose in response to this request.

Please provide all responses to this request and submit all questions related to this request to LUPE's attorney, Jerome Wesevich of Texas RioGrande Legal Aid, by phone at (915) 585-5120, or by email to jwesevich@trla.org. I authorize Mr. Wesevich and his colleagues at Texas RioGrande Legal Aid to represent LUPE in all matters pertaining to this request. I certify that all statements in this request are true and correct.

Thank you very much for your attention to this matter.

Sincerely,

Juanita Valdez-Cox
LUPE Executive Director

3