UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, *et. al.*, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Civil Action No. 5:21-cv-00071 |
| | **)** | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, and U.S. DEPARTMENT OF HOMELAND SECURITY, | **)** | |
| | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Federal Emergency Management Agency and U.S. Department of Homeland Security ("Defendants"), by and through the Acting United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, hereby submit this Answer to the Complaint for Injunctive and Declaratory Relief ("Complaint") filed by Plaintiff La Union del Pueblo Entero ("Plaintiff"). All allegations not specifically admitted are denied.

1.       The first and third sentences of Paragraph 1 constitutes Plaintiff's characterization of the lawsuit and legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff is seeking "an order directing FEMA to publish on its website all substantive and procedural rules that it uses" and deny the remaining allegations. The second sentence of said paragraph constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations, with the exception that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's alleged diminished recovery efficiency and effectiveness.

## JURISDICTION AND VENUE[1]

2.      Paragraph 2 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.      Paragraph 3 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations, with the exception that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence.

## PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.      Defendants admit the first and third sentences of paragraph 5. The second sentence of said paragraph consist of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statutes and executive order, the statutes and executive order speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes or the executive order, the second sentence of said paragraph is denied.

6.      Defendants admit the first and third sentences of paragraph 6. The second sentence of said paragraph consists of irrelevant factual assertions, to which no response is required. The allegations in this sentence also do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

---

[1]      For ease of reference, this Answer replicates the headings contained in Plaintiff's Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## ORGANIZATIONAL STANDING

7.      Paragraph 7 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations, with the exception that the Defendants do not have sufficient knowledge or information to admit or deny the allegations contained therein regarding Plaintiff's organization and alleged injuries.

8.      Paragraph 8 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations, with the exception that the Defendants do not have sufficient knowledge or information to admit or deny the allegations contained therein regarding Plaintiff's organization, members, and alleged injuries.

## STATEMENT OF FACTS

9.      Paragraph 9 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes, the said paragraph is denied.

10.     Paragraph 10 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

11.     Paragraph 11 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes, the said paragraph is denied.

12.     Paragraph 12 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes, the said paragraph is denied.

13.     Paragraph 13 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

14.     Paragraph 14 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

15.     Paragraph 15 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes, the said paragraph is denied.

16.     Paragraph 16 consists of legal conclusions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the statutes, the said paragraph is denied.

17.     Paragraph 17 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the

best evidence of its content. To the extent Plaintiff's allegations are inconsistent with the statute, the said paragraph is denied.

18.     Paragraph 18 consists of legal conclusions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited statutes and rules, the statutes and rules speak for themselves and are the best evidence of their content. To the extent a response is required, Defendants deny the allegations.

19.     Paragraph 19 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited rules and policies, the rules and policies speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the rules and policies, the said paragraph is denied.

20.     Paragraph 20 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited rules, the rules speak for themselves and are the best evidence of their content. To the extent that a response is required, Defendants deny the allegations.

21.     Paragraph 21 consists of legal conclusions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent Plaintiff attempts to characterize the cited rules, the rules speak for themselves and are the best evidence of their content. To the extent that a response is required, Defendants deny the allegations.

22.     Paragraph 22 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

23.     Paragraph 23 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

24.     Paragraph 24 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25.     Paragraph 25 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

26.     Paragraph 26 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27.     Paragraph 27 consists of legal conclusions and irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

28.     Paragraph 28 consists of legal conclusions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

29.     Paragraph 29 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30.     Defendants admit the allegations contained in paragraph 30.

31.     Paragraph 31 consists of irrelevant factual assertions, to which no response is required. This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     Defendants admit that LUPE had previously brought at least an administrative claim and a federal civil suit against FEMA, and denies the remaining allegations in paragraph 35, with the exception that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding alleged harm.

36.     Paragraph 36 consists of Plaintiff's characterization of Plaintiff's correspondence with Defendants, to which no response is required. To the extend a response is required, Defendants deny the allegations in Paragraph 36.

37.     Paragraph 37 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     Paragraph 39 consists of legal conclusions and irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

40.     Paragraph 40 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

41.     Paragraph 41 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

42.     Paragraph 42 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

43.     Paragraph 43 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

44.     Paragraph 44 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

45.     Paragraph 45 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

46.     Paragraph 46 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

47.     Paragraph 47 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

48.     Paragraph 48 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

49.     Paragraph 49 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

50.     Paragraph 50 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

51.     Paragraph 51 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

52.     Paragraph 52 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

53.     Paragraph 53 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

54.     Paragraph 54 consists of irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

55.     Paragraph 55 consists of legal conclusions and irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

56.     Paragraph 56 consists of legal conclusions and irrelevant factual assertions, to which no response is required.  This paragraph also does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

57.     Paragraph 57 consists of legal conclusions, to which no response is required.  To the extent Plaintiff attempts to characterize the cited rules, the rules speak for themselves and are the best evidence of their content. To the extent Plaintiff's allegations are inconsistent with the rules, the paragraph is denied.

58.     Paragraph 58 consists of legal conclusions and irrelevant factual assertions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

59.     Defendants admit the allegations in paragraph 59.

60.     Defendants admit the allegations in paragraph 60.

61.     Defendants admit that FEMA granted Plaintiff's request for expedited processing. Defendants deny the remaining allegations in paragraph 61 and respectfully directs the Court to Exhibit C of Plaintiff's Complaint for a full and accurate statement of its contents.

62.     Paragraph 62 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

63.     Paragraph 63 consists of Plaintiff's characterization of correspondence between Plaintiff and Defendant FEMA, to which no response is required. Defendants respectfully directs the Court to the Exhibit D of Plaintiff's Complaint for a full and accurate statement of its contents.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants admit that the allegations in paragraph 65.

66.     Paragraph 66 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

67.     Paragraph 67 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

68.     Paragraph 68 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69.      Paragraph 69 consists of legal arguments, to which no response is required. Defendants hereby incorporate by reference its responses set forth above to support its response to the causes of action below.

**FIRST CAUSE OF ACTION**
**(FOIA – Failure to Make Records Publicly Available)**

70.     Paragraph 70 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the

best evidence of its content. To the extent Plaintiff's allegations are inconsistent with the statute, this paragraph is denied.

71.      Paragraph 71 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the best evidence of its content. To the extent Plaintiff's allegations are inconsistent with the statute, this paragraph is denied.

72.      Paragraph 72 consists of legal conclusions, to which no response is required.

73.      Paragraph 73 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the best evidence of its content. To the extent a response is required, Defendants deny the allegations.

74.      Paragraph 74 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the best evidence of its content. To the extent Plaintiff's allegations are inconsistent with the statute, this paragraph is denied.

75.      Paragraph 75 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the best evidence of its content. To the extent Plaintiff's allegations are inconsistent with the statute, this paragraph is denied.

76.      Paragraph 76 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### SECOND CAUSE OF ACTION
### (APA – Agency Disobedience of Statute)

77.      Paragraph 77 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and

are the best evidence of their contents. To the extent Plaintiff's allegations are inconsistent with the statutes, this paragraph is denied.

78.     Paragraph 78 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations are inconsistent with the statutes, this paragraph is denied.

79.     Paragraph 79 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statutes, the statutes speak for themselves and are the best evidence of their contents. To the extent Plaintiff's allegations are inconsistent with the statutes, this paragraph is denied.

80.     Paragraph 80 consists of legal conclusions, to which no response is required. To the extent Plaintiff attempts to characterize the cited statute, the statute speaks for itself and is the best evidence of its contents. To the extent Plaintiff's allegations are inconsistent with the statute, this paragraph is denied.

81.     Paragraph 81 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

82.     Paragraph 82 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     Paragraph 83 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

84.     Paragraph 84 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

85.     Paragraph 85 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PRAYER

86.     Paragraph 86 consists of Plaintiff's prayer or request for relief, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's prayer or request for relief.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants raise the following defenses:

1.      Plaintiff lacks standing as to some or all of the claims asserted in this action. *See* Fed. R. Civ. P. 12(b)(6).

2.      Plaintiff failed to state a claim upon which relief can be granted for some or all of the claims asserted in this action. *See* Fed. R. Civ. P. 12(b)(6).

3.      The Court lacks subject matter jurisdiction over some or all claims asserted in this action. *See* Fed. R. Civ. P. 12(b)(1).

4.      Plaintiff is not entitled to records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

Respectfully submitted,

JENNIFER LOWERY
Acting United States Attorney

By: */s/ Chanmealea Thou*
**CHANMEALEA THOU**
Assistant United States Attorney
Southern District of Texas No. 3596627
California Bar No. 326469
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 721-4977
Facsimile: (956) 992-9425
E-mail: Chanmealea.Thou2@usdoj.gov
Attorney in Charge for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT was sent to Plaintiff's counsel, Jerome Wesevich, Texas Rio Grande Legal Aid, 1702 Convent Avenue, Laredo, Texas 78040, 2344, by electronic mail through the District Clerk's electronic case filing system, on November 19, 2021.

*/s/ Chanmealea Thou*
**CHANMEALEA THOU**
Assistant United States Attorney