UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO<br>　　　　Plaintiff<br><br>V.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendants | §<br>§<br>§<br>§　CIVIL CASE NO. 5:21-CV-071<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**Preliminary Matters**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and /or parties who participated in the conference.**

   Counsel conferred via telephone on December 3, 9, and 15, 2021.  The individuals who participated in the Rule 26 (f) conferences include:

   Counsels for Plaintiff La Union Del Pueblo Entero:
   Jerome Wesevich
   jwesevich@trla.org
   Hannah Dyal
   hdyal@trla.org
   Brittanny Perrigue Gomez
   bperrigue@trla.org
   Texas RioGrande Legal Aid, Inc.
   1702 Convent Avenue,
   Laredo, Texas 78040
   Tel: 956-718-4610

   Counsel for Defendants Federal Emergency Management Agency ("FEMA") and U.S. Department of Homeland Security:
   Chanmealea Thou
   Assistant United States Attorney
   11204 McPherson Road, Suite 100A
   Laredo, Texas 78045
   Tel: 956-723-6523

Email: chanmealea.thou2@usdoj.gov

2. **List cases pending in this or any other district, along with the cause number and judicial district, that are related to this case.**

   None.

3. **If another case is pending in this or any other district, can and should this case be consolidated with that case?**

   Not applicable.

4. **Briefly describe what this case is about.**

   Defendants assert that this case involves a FOIA request by Plaintiff and the issue is whether FEMA properly withheld documents requested by Plaintiff.

   Plaintiff asserts that FOIA requires FEMA to affirmatively publish on its website, without awaiting any request, all standards that it uses to decide who is eligible for disaster assistance, and it has failed to do so. *See* 5 U.S.C. § 552(a)(2).

5. **What is Plaintiff's allegation of federal jurisdiction, or, if this case was removed, what is Defendant's allegation of federal jurisdiction?**

   Plaintiff alleges federal jurisdiction under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* and Administrative Procedures Act, 5 U.S.C. §500 *et seq.*

6. **Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?**

   Defendants agree with these allegations.

7. **Does either party anticipate the need to add additional parties?**

   It does not appear that there is a need to add any additional parties at this time.

8. **If so, list any additional parties and when they can be added.**

   Not applicable.

9. **List any anticipated interventions.**

   It does not appear that there is a necessity for any interventions at this time.

10. **Are there any issues in this case that may raise class allegations or class action

**issues?**

No.

## Discovery

11. **The conference required by Rule 26(f) was held on December 3, 2021, at 9 a.m. Counsel who participated in the conference:**

    Jerome Wesevich and Hannah Dyal on behalf of Plaintiff La Union Del Pueblo Entero.

    Chanmealea Thou on behalf of Defendants Federal Emergency Management Agency and U.S. Department of Homeland Security.

12. **Describe the proposed discovery plan agreed upon at the conference. Include the following:**

    a) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a);**

    Plaintiff made initial disclosures on December 16, 2021. Plaintiff agreed to await FEMA's initial disclosures until January 2022.

    Defendants have not made their initial disclosures and assert that initial disclosures are exempted under Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure.

    In accord with Rule 5(b)(2)(E), counsel for all parties agree to serve all documents in this litigation via electronic means, and to accept service of all documents via this means. Service is complete if made via the Court's CM/ECF system or via counsel's email addresses listed above. At any time counsel may change the email addresses used for service by providing written notice to all parties.

    b) **When and to whom Plaintiff anticipates it may send interrogatories;**

    This depends on the Court's rulings described in paragraph 13 below.

    c) **When and to whom Defendant anticipates it may send interrogatories;**

    Defendants assert that it would be premature to set a discovery plan at this time as most FOIA cases are resolved on cross motions for summary judgment.

    d) **Of whom and by what date Plaintiff anticipates taking oral depositions;**

    This depends on the Court's rulings described in paragraph 13 below.

    e) **Of whom and by what date Defendant anticipates taking oral depositions;**

    Defendants assert that it would be premature to set a discovery plan at this time as most FOIA cases are resolved on cross motions for summary judgment.

    **f)**     **When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;**

    The parties cannot know whether designating experts will be necessary at this time but would like to reserve their rights to seek such designation after Defendants can complete their review and disclosure of requested documents and the parties file their cross-motions for summary judgment and supporting documents.

    **g)**     **List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).**

    The parties cannot know whether deposing experts will be necessary at this time but would like to reserve their rights to conduct such deposition after Defendants can complete their review and disclosure of requested documents and the parties file their cross-motions for summary judgment and supporting documents.

    **h)**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).**

    The parties cannot know whether deposing experts will be necessary at this time but would like to reserve their rights to conduct such deposition after Defendants can complete their review and disclosure of requested documents and the parties file their cross-motions for summary judgment and supporting documents.

**13.**     **If the parties do not agree on any portion of the discovery plan, describe the separate views and proposals of each party.**

The parties agree that this case should be resolved on summary judgment. The parties disagree as to how, and how quickly, they should produce the summary judgment record, and what briefing schedule is necessary to ready this case for final disposition.

    <u>Defendants' view.</u>

    Defendants assert that the issue in the present suit is whether Defendants properly withheld documents under FOIA. Plaintiff's FOIA request has resulted in large volume of documents. Currently, FEMA has over 2600 pages of record to review and disclose. This number will likely increase upon Plaintiff's clarification of the search parameters. Due to large volume of requested documents and increase in FOIA requests relating to COVID-19, Defendants anticipate being able to review approximately 500 pages of record per

month. Once review and disclosures are completed, Defendants anticipate providing supporting documents demonstrating that the documents were properly withheld pursuant to FOIA. As such, Defendants assert that, like most FOIA cases, discovery is unwarranted in the present matter or premature at this time. *See, e.g.*, *Schiller v. I.N.S.*, 205 F.Supp.2d 648, 653 (W.D. Tex. 2002) ("Typically, discovery is not part of a FOIA case . . . . When discovery is permitted it is to be 'sparingly granted.'") (internal citations omitted).

<u>Plaintiff's view.</u>

This issue is not as stated by FEMA. Instead, the issue is whether FOIA's "electronic reading room" provision, 5 U.S.C. § 552(a)(2), requires FEMA to publish its disaster assistance eligibility standards on its website without awaiting a request. No review of documents should be necessary for FEMA to address this question of law. Moreover, FEMA has had Plaintiff's FOIA request since May 2021, so it has had ample time to review its 2600 pages of documents. Moreover, Plaintiff and other organizations have requested virtually identical documents from FEMA for the past three years, so FEMA has long been well aware of what set of documents Plaintiff claims FOIA requires FEMA to publish.

Ultimately, this case presents a question of law: what are agency responsibilities under § 552(a)(2)? There is a circuit split on this issue. The D.C. Circuit apparently reads the statute to favor FEMA. The Second and Ninth Circuits apparently read the statute to favor Plaintiff. The Fifth Circuit will likely decide the matter here unless the parties can reach an agreement.

For present purposes the question is what procedures are necessary to efficiently assemble the summary judgment record necessary for the Court to decide what documents FEMA is required to publish on its website.

Of course FEMA has exclusive access to all of the relevant evidence in this case, and FEMA bears the burden of proof for why it claims to justifiably withhold documents. *See Ortega v. United States Dep't of the Treasury*, No. CV H-19-1078, 2019 WL 7598602, at *3 (S.D. Tex. Dec. 20, 2019), report and recommendation adopted, No. CV H-19-1078, 2020 WL 263587 (S.D. Tex. Jan. 17, 2020).

Consequently the orderly and efficient way to proceed—indeed the standard way to proceed in FOIA cases—is for FEMA to first produce its administrative record, then for FEMA to present its summary judgment motion, then for Plaintiff to either respond and file a cross-motion for summary judgment, or seek specific discovery pursuant to Rule 56(d). After those have occurred, the Court should revisit the scheduling order based on the case's status at that time.

FEMA appears to argue above that it should be allowed 2600 pages at 500 pages per month = over 5 months to produce the administrative record. This delay is vastly excessive and unjustified, particularly when FEMA has had the specific FOIA request at issue here since May, and when FEMA has had several years' notice of the need to publish

the documents at issue.  FEMA should be ordered to produce the administrative record on which it claims the case should be decided no later than March 1, 2022.  All other dates should stem from the date that the Court selects for production of the summary judgment record as follows:

| | |
|---|---|
| FEMA's Summary Judgment Motion Due | 21 days later |
| Plaintiff's MSJ Response, Cross-Motion for MSJ and/or Rule 56(d) Motion | 21 days later |
| FEMA's Reply Supporting MSJ and Response Opposing Plaintiff's MSJ | 21 days later |
| Plaintiff's Reply Supporting its MSJ | 21 days later |
| Scheduling Conference | 21 days later |

This schedule should have the case ready for decision in early Summer 2022.

14. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Defendants made two interim disclosures to Plaintiff on August 11, 2021 and October 20, 2021. Defendants continue to search for and review the requested records in order to make additional disclosures to Plaintiff.

In past litigation with FEMA, Plaintiff conducted a deposition of FEMA to understand its practices at least as of 2010, and Plaintiff also collected a large volume of documents specifying FEMA's disaster assistance eligibility standards for Disaster No. 1780, Hurricane Dolly.

15. **State the date the planned discovery can reasonably be completed.**

Defendants.  Based on reasons stated above, Defendants assert that it is premature to set a discovery plan at this time.

Plaintiff.  Based on the reasons stated above, Plaintiff seeks definite dates by which each necessary step will be completed to promptly and efficiently ready this case for disposition on summary judgment.

## Settlement and Trial Alternatives

16. **Describe the possibilities of settlement or alternative dispute resolution that were discussed at the Rule 26(f) meeting.**

The parties discussed and agreed that ADR may be appropriate in this case.
Defendants assert that ADR will be appropriate after Defendants have completed its search for and review of requested documents.

17. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Defendants made two interim disclosures and actively discuss search parameters with Plaintiff to ensure relevant disclosures.

18. **From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The parties agree that ADR, including mediation, may be appropriate in this case.

    Defendants assert that ADR is only appropriate once they have had an opportunity to review relevant records and complete their disclosures.

    Plaintiff sees no difference that further review of records will make to FEMA's mediation capacity because prior litigation has made all parties well aware of the facts.

19. **Magistrate Judges may now hear jury and non-jury trials. Will the parties consent to trial before a Magistrate Judge?**

    Not at this time, as the Parties may be interested in having the Magistrate Judge serve as a mediator in this case.

20. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has not been made.

21. **In the event of a trial, how many hours will it take to try this case?**

    The parties anticipate being able to resolve this case on cross motions for summary judgment, if it is not settled. There is presently no way to gauge the amount of time that may be necessary in the event of a trial here.

## Additional Conference Items

22. **Counsel are charged with knowledge of the Local rules of the United States District court of the Southern District of Texas, which are available at:**

    http://:www.txs.uscourts.gov/sites/txs/files2018%20Rules.pdf.

    **Have all counsel reviewed those local rules prior to completion of this Report?**

    Yes.

    Counsel are also charged with knowledge of the Honorable Marina Garcia Marmolejo's court Procedures in Civil Cases, which are available at:

http:///:www.txs.uscourts.gov/sites/tsx/files/Civ_MGM_July2017.pdf

**Have all counsel reviewed those rules prior to completion of this Report?**

Yes.

23. **If there are any motions pending before the Court at this time, list them.**

No motions are pending before the Court at this time.

24. **Can any of these motions be ruled upon at the Initial Pretrial Scheduling Conference?**

There are no motions that require rulings at the Initial Pretrial and Scheduling Conference.

25. **Are there any other matters particular to this case, including discovery, that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?**

Defendants assert that scheduling discovery or any other pre-trial deadline is premature at this time as most FOIA cases can be resolved through cross motions for summary judgment. Defendants respectfully request that the Court delay the scheduling of pre-trial deadlines, including discovery, if any, until Defendants have had the opportunity to complete their review and disclosure of requested records.

Plaintiff entirely disagrees, and urges the Court to set reasonable deadlines for submission of this case.

26. **List the names, Southern District of Texas bar numbers, addresses, and telephone numbers of all counsel. All counsel appearing for any hearing or identified as counsel of record on a pleading must either be licensed to practice in the Southern District of Texas or must file a motion to appear *pro hac vice.***

Counsels for Plaintiff La Union Del Pueblo Entero:

Jerome Wesevich
jwesevic@trla.org
S.D. Texas Bar No. 17397

Tracy Odvody Figueroa
tfiguero@trla.org
S.D. Texas Bar No. 34715

Kristen Adams
kadams@trla.org
S.D. Texas Bar No. 3631234

Hannah Dyal
hdyal@trla.org
S.D. Texas Bar No. 3667772

Ana Laurel
alaurel@trla.org
S.D. Texas Bar No. 3668794

Brittanny Perrigue Gomez
bperrigue@trla.org
S.D. Texas Bar No. 3439404

Texas Rio Grande Legal Aid, Inc.
1702 Convent Avenue,
Laredo, Texas 78040
Tel: 956-718-4610

Counsel for Defendants Federal Emergency Management Agency and U.S. Department of Homeland Security:

Chanmealea Thou
Assistant United States Attorney
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Tel: 956-721-4977
S.D. Texas Bar No. 3596627
State Bar No. 326469
Email: Chanmealea.Thou2@usdoj.gov

27. **Proposed Dates for Scheduling Order. Please review the proposed deadlines for any of the pretrial events (listed below) that will be scheduled for his case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be issued following the Scheduling Conference will necessarily be more specific and detailed and will contain additional matters and discovery limitations. The court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources and the Court's calendar.**

Based on the reasons stated above, Defendants assert that the scheduling of pre-trial deadlines is premature at this time and would respectfully request that the Court delay the setting of these deadlines until Defendants have had an opportunity to review and disclose the requested documents.

Plaintiff submits that the important deadlines that should be set at the scheduling conference are those described in Paragraph 13 above, in addition to the deadlines stated in the chart below.

| PRETRIAL EVENTS | COURT'S DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) Meeting | December 3, 2021 | Done |
| File Joint Case Management Plan | December 17, 2021 | Done |
| Rule 16(b) Scheduling Conference | December 20, 2021 at 10:00A.M. | Done |
| Deadline for Parties to Exchange Rule 26(a)(1) Initial Disclosures | December 17, 2021 | Done for Plaintiff |
| Deadline for Joinder of all Parties | | None |
| Deadline to serve Initial Written Discovery[1] | | As later ordered by the Court, if any |
| Deadline to Designate Expert Witnesses and Provide Reports[2] | Plaintiff(s) | As later ordered by the Court, if any |
| | Defendant(s) | As later ordered by the Court, if any |
| Deadline to Amend Pleadings (with consent of all parties or leave of Court) | Plaintiff(s) | Plaintiff(s) July 1, 2022 |
| | Defendant(s) | Defendant(s) |
| Deadline to Parties to Conduct Mediation | | September 1, 2022 |
| Deadline to Complete all Discovery, including depositions of expert witnesses[3] | | September 1, 2022 |

---

[1] This deadline applies to serving a first set of interrogatories, requests for production, and other written discovery, but does not limit the parties from serving further requests prior to the discovery deadline.

[2] The parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses with the Court by the designation deadline, but should NOT file reports or other discovery materials.

[3] A party must serve its written discovery requests in sufficient time for the responding party to serve its responses before this deadline. See Paragraph 7 of the Court's Order for Conference and Disclosure of Interested Parties.

| | | |
|---|---|---|
| Deadline to File Dispositive Motions and to Exclude or Limit Expert Testimony | | September 1, 2022 |
| **TRACK A –** *If* **No Dispositive Motions are filed:** | | |
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | |
| **TRACK B –** *If* **Dispositive Motions are Filed:** | | |
| Deadline to file Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | As later ordered by the Court, if any |

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

/s/ Chanmealea Thou

**CHANMEALEA THOU**
Assistant United States Attorney
Southern District of Texas No. 3596627
California Bar No. 326469
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 721-4977
Facsimile: (956) 992-9425
E-mail: Chanmealea.Thou2@usdoj.gov
Attorney in Charge for the United States


TEXAS RIOGRANDE LEGAL AID, INC.

/s/ Jerome Wesevich
Jerome Wesevich, jwesevich@trla.org
Hannah Dyal, hdyal@trla.org
Brittanny Perrigue Gomez,
bperrigue@trla.org
Kristen Adams, kadams@trla.org
1702 Convent Avenue
Laredo, Texas 78040
Tel. (956) 718-4610

*Attorneys for Plaintiff*