Case 5:21-cv-00071 Document 14 Filed on 01/19/22 in TXSD Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § § § § | |
| **Plaintiff,** | § § | |
| V. | § § | CIVIL ACTION NO. 5:21-CV-71 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY and U.S. DEPARTMENT OF HOMELAND SECURITY, | § § § § § § | |
| **Defendants.** | § | |

## SCHEDULING ORDER

On December 20, 2021, the Court began an Initial Pretrial & Scheduling Conference in this matter, which was continued to allow Defendants' representatives to participate at a later date and provide information to the Court relevant to the parties' disagreement regarding the deadline to file the administrative record.[1] (Min. Entry Dec. 20, 2021). The Court concluded the Initial Pretrial & Scheduling Conference on January 14, 2022. (Min. Entry Jan. 14, 2022).

Pursuant to Fed. R. Civ. P. 16(b), the Court now enters this Scheduling Order:

1. Defendants shall file an administrative record no later than **March 18, 2022**.

2. Defendant shall move for summary judgment no later than **April 11, 2022**.

3. Plaintiff shall file a response to Defendants' motion, and/or file a cross-motion for summary judgment, and/or a Rule 56(d) motion, no later than **30 days** after being served with Defendant's motion for summary judgment.

4. Defendants shall file a reply in support of their motion for summary

---

[1] The parties disagree about what information must be included in the administrative record. It is Defendants' position that all information which is responsive to Plaintiff's original Freedom of Information Act ("FOIA") request, (Dkt. Nos. 1 at 11–12, 1-1 at 1–3), must be included in the administrative record. (*See* Dkt. No. 11 at 4–5). Plaintiff maintains that, because their suit presents only a question of law, the information which must be included in the administrative record is narrower, thus requiring less time for Defendants to prepare the administrative record. (*See id.* at 5–6).

   judgment, and/or a response to Plaintiff's cross-motion for summary judgment, if any, and/or a response to Plaintiff's Rule 56(d) motion, if any, no later than **30 days** after being served with either of those filings.

5. Plaintiff shall file a reply in support of its cross-motion for summary judgment, if any, and/or in support of its Rule 56(d) motion, if any, no later than **21 days** after being served with Defendants' response(s).

This scheduling order will control this case through the disposition of any summary judgment motion. Following this Court's order on summary judgment, or if no summary judgment motion is filed, the parties shall meet and confer regarding a schedule for the remainder of discovery, as well as the remainder of the case. This Scheduling Order shall not be modified except by leave of Court upon a showing of good cause and shall be binding on all parties. Fed. R. Civ. P. 16(b)(4).

It is so **ORDERED**.

**SIGNED** on January 19, 2022.

_John A. Kazen_
John A. Kazen
United States Magistrate Judge