UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al. § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> FEDERAL EMERGENCY MANAGEMENT § <br> AGENCY, et al. § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:21-CV-071 |

### **DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF DEADLINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants herein, Federal Emergency Management Agency ("FEMA") and U.S. Department of Homeland Security, by and through the United States Attorney for the Southern District of Texas, and hereby file their Motion for Extension of Deadlines:

1. This is an action brought by Plaintiff against Defendants under the Freedom of Information Act ("FOIA") and the Administrative Procedure Act ("APA"), regarding Plaintiff's FOIA request for "all records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance" involving the Individual Household Program ("IHP"). (*See* Dkt. No. 1, ¶ 22 & Plaintiff's Exhibit A).

2. On January 14, 2022, the parties participated in the continuation of the Initial Pretrial and Scheduling Conference. During this hearing, Defendants, through the undersigned counsel, informed the Court that they were awaiting clarification from Plaintiff regarding its FOIA

1

request. (*See* Dkt. No. 1, Plaintiff's Exhibit A). Plaintiff provided its suggestions as to what should be included in the administrative record on January 19, 2022. Defendant again inquired about the scope of the request, and received a response, on March 2, 2022.

3. At this time, Defendants determined that record that may correspond to Plaintiff's request comprises of over 4,800 pages of documents. *See* Ex. 1, Declaration of Gregory Bridges in Support of Defendants' Opposed Motion for Extension of Deadlines.

4. On January 19, 2022, the Court issued a scheduling order and the remaining Scheduling Order deadlines in this matter are as follow:

| | | |
|---|---|---|
| A. | Defendants to file an administrative record | March 18, 2022 |
| B. | Defendants to move for summary judgment | April 11, 2022 |
| C. | Plaintiff's Response to Defendants' motion | May 11, 2022 |
| D. | Defendants' Reply | June 10, 2022 |
| E. | Plaintiff's Reply | July 1, 2022 |

5. A court may grant a request to extend time for good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Courts balance the following factors in deciding whether the good-cause standard has been met: "(1) the explanation for the failure [to adhere to the deadlines]; (2) the importance [of the proposed modification to the scheduling order]; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Each of these factors weigh in favor of granting the requested extension of deadlines.

6. Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court extend the remaining deadlines in this matter for an additional

180 days to allow Defendants additional time to compile the administrative record.

7. The main reasons the deadlines cannot be met are the broadness of the request, the large volume of likely responsive record, the complexity in processing the record, and unforeseeable backlog of FEMA's Disclosure Branch (hereinafter "Disclosure Branch").

8. Plaintiff's request is broad and includes "all records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance" involving IHP. On one hand, Plaintiff stated that the totality of the record is subject to FEMA's discretion. On another hand, Plaintiff stated that this record includes at least fourteen specific categories of documents. (*See* Dkt. No. 1, Plaintiff's Exhibit A.).

9. Contrary to Plaintiff's claim, not all record responsive to its request is subject to disclosure under 5 U.S. C. § 552(a)(2), and a significant portion of the record that may be disclosable under this section is likely subject to withholding under 5 U.S.C. § 552(b) and other privileges. Therefore, when responding to Plaintiff's request, FEMA must conduct searches in different databases and engage in several layers of analysis for all records pertaining to IHP including: (1) determining which record, if any, qualify as "records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance;" (2) determining which record, if any, corresponds to Plaintiff's fourteen categories; (3) verifying whether the qualified documents, including documents that correspond to Plaintiff's fourteen categories, fall under 5 U.S.C. § 552(a)(2); (4) conducting a line by line review to verify whether there are legitimate

3

reasons these documents are exempted from disclosure under 5 U.S.C. § 552(b); and (5) consulting with subject matter experts on whether the exempted documents should nevertheless be released.

10. In other words, Plaintiff's request is not a simple or typical FOIA request; Plaintiff's request involves large volume of record that requires different searches and complex multi-step analysis.

11. Further, the need for additional time is due in part to an unpredictable backlog of FEMA's Disclosure Branch. There has been an increase in FOIA requests, as well as an increase in litigation and administrative appeals, all of which has placed a significant burden on Disclosure Branch's ability to process FOIA requests. The backlog is further affected by the shortage of staff. Despite its ongoing efforts, FEMA has not been able to fully restaff. *See* Ex. 1.

12. Defendants are mindful of Plaintiff's claim of injury and the time requirement for responses to FOIA requests under 5 U.S.C. §552(a)(6). (*See* Dkt. No. 1). To address these concerns, Defendants have engaged in multiple discussions with Plaintiff in efforts to narrow and clarify Plaintiff's FOIA request; directly released records to Plaintiff on two occasions—August 11, 2021, October 20, 2021, and March 11, 2022—for a total of 1,188 pages of documents; and arranged for the restructuring of its online reading room to increase access to IHP records and for the release of said documents to its online reading room.

13. Nonetheless, as previously mentioned, the last time Defendants received a clarification from Plaintiff was on March 2, 2022. Based on this clarification, the Disclosure Branch estimated over 2,000 additional pages of documents that needed to be reviewed for responsiveness and releasability.

14. Of note, FOIA permits deviation from the time requirement when there are unusual circumstances. Under FOIA, "unusual circumstances" are described as: (1) "the need to search for

and collect the requested records from field facilities or other establishments that are separate from the office processing the request;" (2) "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request;" or "the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

15. In the present case, Plaintiff's FOIA request involves all three types of unusual circumstances. Specifically, IHP hosts, searches for, and collects the record that is likely responsive to Plaintiff's request and not the Disclosure Branch, which is the office that is processing this request; Plaintiff's request produced a voluminous amount of separate and distinct records; and a significant portion of the records that are likely responsive to Plaintiff's request requires consultation between the Disclosure Branch and IHP to determine whether withholding under 5 U.S.C. § 552(b) or other privileges is necessary. *See* Exh. 1.

16. Due to the time-consuming searches, the large volume of the requested record, the complexity of processing, and the unforeseeable backlog of FEMA's Disclosure Branch, FEMA requires additional time to compile the administrative record. Without sufficient time to compile the administrative record, Defendants will be highly prejudiced in the instant proceeding.

17. Based on the foregoing, Defendants submit that their request for extension of deadlines is for good cause and is not intended to solely delay these proceedings. As such, Defendants respectfully request the following extended deadlines:

|   |   |   |
|---|---|---|
| A. | Defendants to file an administrative record | September 14, 2022 |
| B. | Defendants to move for summary judgment | October 10, 2022 |

| | | |
|---|---|---|
| C. | Plaintiff's Response to Defendants' motion | November 9, 2022 |
| D. | Defendants' Reply | December 9, 2022 |
| E. | Plaintiff's Reply | December 30, 2022 |

WHEREFORE, for the foregoing reasons, Defendants urge the Court to grant their Motion for Extension of Deadlines.

        Respectfully Submitted,

        JENNIFER B. LOWERY
        United States Attorney

        *S/ Chanmealea Thou*
        CHANMEALEA THOU
        Assistant United States Attorney
        S. D. T. X. Bar No. 3596627
        California Bar No. 326469
        11204 McPherson Road, Suite 100A
        Laredo, Texas 78045
        Telephone: (956) 721-4977
        E-mail: Chanmealea.Thou2@usdoj.gov
        Attorney in Charge for Defendants

## CERTIFICATE OF CONFERENCE

On February 18, 2022, the undersigned Assistant United States Attorney conferred with Plaintiff's counsel, Jerome Wesevich, Hannah Dyal, and Brittany Perrigue Gomez, via phone conference and was informed that Plaintiff opposes any motion to extend.

## CERTIFICATE OF SERVICE

I, Chanmealea Thou, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on March 14, 2021, a copy of the foregoing was served on all parties via the Court's ECF.

By: *S/ Chanmealea Thou*
**CHANMEALEA THOU**
Assistant United States Attorney