UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al. | ' | |
| Plaintiff, | ' | |
| v. | ' | CIVIL ACTION NO. 5:21-CV-071 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, et al. | ' | |
| Defendants. | ' | |

# DECLARATION OF GREGORY BRIDGES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

I, Gregory Bridges, hereby declare, pursuant to 28 U.S.C. § 1746, the following to be true and correct:

1. I am the Chief of the Disclosure Branch in the Office of the Chief of the Administrative Officer. In this capacity, I am responsible for supervising the handling of Freedom of Information Act (FOIA) requests received by the Federal Emergency Management Agency (FEMA). I have held this position since December 2018.

2. In my official capacity as Chief of the Disclosure Branch, I supervise 14 employees. The Disclosure Branch staff is divided into teams, include Intake, Processing, Litigation and Appeals. The Litigation Team is limited to one Government Information Specialist, and one recently hired contractor who handles the litigation processing for the Disclosure Branch. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions I reached based on that knowledge or information.

3. By letter dated May 14, 2021, plaintiff requested that FEMA make publicly available online the following:

a. all records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance under the Individuals and Households Program ("IHP") established in 42 U.S.C. § 5174 following a disaster declared after January 1, 2019; and

b. all records that state any future change to any existing substantive or procedural IHP standard described above, regardless of whether the change is disaster-specific or applies to all future disasters.

4. The Agency acknowledged receipt of the request the same day an assigned it tracking number 2021-FEFO-0061.

5. On July 14, 2002, the Plaintiff filed a complaint with the court citing that the agency violated requirements under 5 U.S.C. § 552(a)(2) to make the records responsive to this request publicly available .

### Search for Responsive Records

6. The Office of Response and Recovery (ORR), IHP and the Reporting and Analytics Division (RAD), conducted multiple searches of major information systems, including FEMA's network data system within the r-drive, Processing Procedures Manual (PPM), FEMA NPSC Programs intranet portal, Virginia Systems Repository (VSR), and Individual Assistance Pre-Shift Notes (IAPN) platform. The search terms used derived from the Plaintiff's request. The search produced a total of 3,893 pages of responsive records consisting of standard operating

procedures (SOPs), training material, and pre-shift instructions for staff providing individual assistance to various designated disasters in the country.

7. An additional search was conducted in FEMA's Region 6 (R6) for responsive records related to the IHP in their areas of responsibility. R6 conducted a search of their respective network drives and SharePoint sites using search terms such as, "inspections" and "guidelines". The results of the R6 search yielded 442 pages of inspection guidelines.

## Response to Complaint

8. Between August 11, 2021, and September 9, 2022, the agency responded to Plaintiff's FOIA request by making 9 interim releases consisting of 4,335 of responsive pages. The documents were produced to Plaintiff and made publicly available online at https://www.dhs.gov/publication/fema-records.

9. With respect to the documents produced and made publicly available, FEMA processed the Plaintiff's request as if it were a request for information under § 522 (a)(3) even though Plaintiff did not make a request under § 522 (a)(3). That is, if documents were responsive to Plaintiff's request, they were produced to Plaintiff and placed on-line. This was done to provide the Plaintiff and public the fullest amount of information available and in furtherance of transparency.

10. In making the materials at issue in this case publicly available, FEMA is not conceding that these materials qualify for proactive disclosure under § 522 (a)(2), nor is FEMA making a determination on the release of documents that will be created in the future. All such documents will be evaluated based on the applicable law. Plaintiff's request that FEMA predetermine which documents will be made available in the future is denied. As further

described in the declaration of Mr. Johnathan Torres, FEMA currently makes available for public inspection, in an electronic format, Individual Assistance statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register as well as administrative staff manuals and instructions to staff that affect a member of the public.

11. In addition to the actions described above, FEMA withheld, either partially or fully, 2,402 pages of material pursuant to applicable FOIA exemptions.

12. FEMA invoked Exemption 6 of the FOIA to protect identifying information that does not have the level of public interest required to authorize disclosure. Specifically, the types of documents and/or information we have withheld consist of PII such as names, identification numbers, telephone numbers and/or other information of disaster survivors that are considered personal. A detailed explanation of the material withheld and the justification for such withholding is contained within FEMA's initial *Vaughn* index filed in this matter.

13. FEMA invoked Exemption 7(E) to withhold information that would (1) identify vulnerabilities in the IHP application process, (2) provide the instruction for public to obtain any desired result from the IHP application process, (3) permit bad actors to commit fraud, and (4) limit FEMA's ability to detect and prevent fraudulent activity. Records that are being withheld from public disclosure consists of SOPs, manuals and pre-shift instructions describing techniques and procedures used by FEMA employees performing intake actions for FEMA disaster assistance. A detailed explanation of the material withheld and the justification for such withholding is contained within FEMA's initial *Vaughn* index filed in this matter.

14. FEMA inadvertently applied Exemption 5 to withholdings on the following Bates stamped pages from the 3rd Interim Release: 000080, 000086, 000092, 000096, 000097, 000120, 000126, 000134. FEMA intended to withhold that information under Exemption 7(E), as it did

elsewhere in the release. A detailed explanation of the material withheld and the justification for such withholding is contained within FEMA's initial *Vaughn* index filed in this matter.

15. In addition to the exemptions discussed above and identified in the *Vaughn* Index, I would also note that the 4,335 responsive pages provided to the Plaintiff and made publicly available online are not statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register, nor are they administrative staff manuals and instructions to staff that affect a member of the public. As such, all of the records listed in the *Vaughn* Index, as well as those released in full, are not records subject to § 522 (a)(2).

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of October 2022.

GREGORY F BRIDGES
2022.10.21 13:55:22
-04'00'

GREGORY BRIDGES