# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| *LA UNIÓN DEL PUEBLO ENTERO*, et al., | § | |
| Plaintiff, | § | |
| | § | Civil Action |
| v. | § | |
| | § | No. 5:21-cv-00071-MGM/JAK |
| FEDERAL EMERGENCY MANAGEMENT | § | |
| AGENCY and U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR DISCOVERY

Pursuant to Rules 16 and 26(f), and the Court's Scheduling Order (Doc. 22 at ¶ 3), Plaintiff *La Unión del Pueblo Entero* ("LUPE") seeks an order setting forth the terms of discovery to be undertaken in this Freedom of Information Act ("FOIA") case, as follows.

### ISSUE AND STANDARD OF REVIEW

On what terms should the Court permit discovery in this FOIA case?  The Court has broad discretion to order any discovery permitted by the Federal Rules of Civil Procedure.  *See Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

### SUMMARY OF ARGUMENT

While discovery is usually unnecessary in FOIA cases, discovery is permitted when necessary, particularly when the government has failed to meet its summary judgment burden. *See Lane*, 523 F.3d at 1134.  LUPE submits that FEMA not only failed to meet its summary judgment burden, but FEMA demanded fourteen months of preparation prior to attempting to do

1

so, and FEMA refused efforts to litigate preliminary matters prior to presenting its motion for summary judgment.  On this record, it is time to ready this for final disposition in the most efficient and speedy way possible, which necessitates access to discovery on the fair terms stated in LUPE's proposed order.

## FACTS AND PROCEDURAL HISTORY

In July 2021, LUPE alleged specific facts indicating why injunctive relief is necessary to remedy FEMA's longstanding and flagrant violation of 5 U.S.C. §§ 552(a)(2)(B)-(C). Complaint, Doc. 1.  FEMA filed an answer refusing to admit or deny most alleged facts, instead asserting that its answer was not relevant or required.  Answer, Doc. 5.

In December 2021, LUPE supplied its Rule 26(a)(1) initial disclosures, and FEMA refused to do so.  Rule 26(f) Report ¶ 12(a), Doc. 11.

In December 2021, counsel described their differing views on how this case should be readied for final disposition.  Rule 26(f) Report ¶¶ 13, 25, and 27, Doc. 11.  FEMA asserted that summary judgment would turn on whether FEMA had disclosed all documents required by FOIA, and any ruling on access to discovery was "premature."  *Id.*  LUPE countered that the central issue in this case was a legal one, the split between the Second and Ninth Circuits on one hand and the D.C. Circuit on the other, as to whether the responsive documents must be published on FEMA;'s website as required by 5 U.S.C. § 552(a)(2).  *Id.*  LUPE argued that the legal issues could be decided while FEMA compiled the administrative record, and the administrative record could be compiled much faster than FEMA claimed.  *Id.*

Magistrate Judge Kazen conducted three hearings—December 20, 2021, January 14, 2022, and March 25, 2022—during which the Court considered counsel's arguments, unsworn representations from FEMA officials, and FEMA's sworn affidavit.  The Court accepted

FEMA's representations that: (a) FEMA intended to publish on its website the documents responsive to LUPE's request that FOIA required to be published, rendering injunctive relief unnecessary; (b) the litigation could be decided on summary judgment based on the sufficiency of the administrative record filed by FEMA; (c) FEMA needed until September 2022 not only to produce the administrative record, but also to produce a *Vaughn* Index that justified FEMA's redactions; and (d) there was absolutely nothing that FEMA could do to ready this case for final disposition other than produce the administrative record and *Vaughn* Index.  LUPE ordered the transcripts of these proceedings, but they have not yet been filed.  *See* Docs. 37, 38, and 39.

FEMA filed its Administrative Record ("AR") on September 27, 2022.  Doc. 30.  FEMA filed its "Motion to Dismiss or, in the Alternative, for Summary Judgment," including its *Vaughn* Index, on October 21, 2022.  Doc. 40.

## ARGUMENT

FEMA improperly delayed in presenting its five jurisdictional arguments to this Court. *See* Response at 3 (Issues 1 through 5).  These are all matters that were known to FEMA and readily knowable at the outset of this litigation, *see* Doc. 11 at ¶ 13, and should have been briefed and decided during the fourteen months that FEMA compiled the administrative record.  Instead, FEMA deliberately chose to delay fourteen months before presenting the jurisdictional arguments stated in Doc. 40.  Similarly, FEMA's *Vaughn* Index is so conclusory and general on its face, *see* Doc. 40-2, that FEMA had no defensible ground for having resisted LUPE's request that FEMA submit its *Vaughn* Index on an ongoing basis as it compiled the administrative record.  Had FEMA produced the index shown in Doc. 40-2 earlier as LUPE requested, the legal sufficiency of FEMA's claim to Exemption 7(E) could have been decided long ago.  *See PHE, Inc. v. Dep't of Just.*, 983 F.2d 248, 250 (D.C. Cir. 1993) ("an affidavit that contains merely a

categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate'") (quotation and citation omitted).  FEMA's treatment of the jurisdictional and *Vaughn* Index disputes, both of which it was actually aware long ago, indicates bad faith delay.

Regardless of any bad faith, a plan to ready this litigation for final disposition without further delay remains necessary.  *See* Rule 26(f) Report at ¶¶ 13, 25, and 27.  In LUPE's view, FEMA consumed fourteen months marshalling authorities and facts, and utterly failed to show that it is entitled to any summary judgment on any part of any claim.  Moreover, FEMA's refusal to answer the Complaint has prevented anyone from knowing the precise extent of the disputed issues of fact.  *See* Answer, Doc. 5.  At minimum, disputed facts may include the adequacy of FEMA's search for responsive records, and whether FEMA's *Vaughn* Index shows that redacted information "could reasonably be expected to risk circumvention of the law" pursuant to Exemption 7(E).  *See Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 18 (D.C. Cir. 1999) (summary judgment inappropriate where a fact issue remains as to whether the agency qualifies for a FOIA exemption); *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 127 F. Supp. 2d 228, 231 (D.D.C. 2000) (second deposition ordered to discern adequacy of record search, suggesting bad faith).

LUPE submits that appropriate discovery will show the Court that no disputed issues of fact remain, and LUPE is entitled to summary judgment on all of its claims.  The claims are of such obvious national importance that they should be decided based on a "robust record."  *See Wilson v. Fed. Commc'ns Comm'n*, No. 21-cv-895, 2022 WL 4245485, at *16 (D.D.C. Sept. 15, 2022).

Consequently, LUPE submits that in light of the record facts cited above, the following procedure is a fair means of limiting discovery as necessary to ready this case for final disposition on LUPE's forthcoming cross-motion for summary judgment, and does so in a manner that is both prompt and efficient for the Court and for the parties:

(a) within fourteen days after the Court enters its order on this motion, FEMA must—

    (i)    file an amended answer admitting or denying every fact alleged in LUPE's Complaint, Doc. 1;

    (ii)    make the initial disclosures required by Rule 26(a)(1); and

    (iii)    file a declaration stating all qualifications or changes that FEMA claims to have made in IHP administration subsequent to its sworn statements in the attached deposition transcript (Exhibit A);[1]

(b) within fourteen days after FEMA produces all documents in the preceding paragraph, counsel for all parties must—

    (i)    confer in good faith to list each fact that remains genuinely disputed; and

    (ii)    file with the Court their list of disputed facts with the parties' joint or separate statements stating the reasons supporting the precise discovery means that the parties deem appropriate for creating the record necessary for the Court to resolve each fact dispute, which may include any discovery device permitted by the federal rules, expert testimony, *in camera* inspection of unredacted records, or appointment of a special master to conduct the *in camera* inspection.

---

[1] *See* FED. R. CIV. P. 32(a)(8).

## CONCLUSION

The Court should grant discovery on the terms stated in the attached proposed order.


Respectfully submitted,

November 21, 2022                    TEXAS RIOGRANDE LEGAL AID, INC.

*/s/ Jerome Wesevich*
Jerome Wesevich, jwesevich@trla.org
Hannah Dyal, hdyal@trla.org
Brittanny Perrigue Gomez, bperrigue@trla.org
Ana Laurel, alaurel@trla.org
Israel Reyna, ireyna@trla.org
1702 Convent Avenue
Laredo, Texas 78040
Tel. (956) 718-4610

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I certify that on the date next to my signature above I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record for all parties.

*/s/ Jerome Wesevich*