IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 5:21-CV-071 |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., | § § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY

Defendants, Federal Emergency Management Agency (FEMA), et al., oppose Plaintiff's Motion for Discovery, Doc. No. 42. As discussed in more detail below, discovery in FOIA cases is rare and disfavored. Plaintiff has not met its burden of demonstrating an entitlement to discovery here. For this reason, and those discussed below, the Court should deny Plaintiff's Motion for Discovery. In further support of this opposition, FEMA would show the Court the following:

1.  Plaintiff has not met its heavy burden of showing that discovery should be allowed in this FOIA case. Indeed, the great weight of caselaw makes clear that discovery is "generally *inappropriate* in a FOIA case." *Freedom Watch, Inc. v. U.S. Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) (emphasis added); *see also Thomas v. Dep't of Health & Human Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016) (discovery "rare

1

and disfavored" in FOIA cases) (citation omitted); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate.").

2. Plaintiff's request for discovery should have been made under Federal Rule of Civil Procedure 56(d) because Defendants have moved for summary judgment. In fact, the Scheduling Order specifically provides for the filing of a Rule 56(d) motion. *See* Doc. No. 22. Under Rule 56(d) of the Federal Rules of Civil Procedure, a Court may allow time to obtain affidavits or declarations, or to take discovery, if the party opposing a motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d)(2). In this case, Plaintiff fails to meet the threshold requirement of Rule 56(d) of showing "by affidavit or declaration that, for specified reasons," it cannot present facts essential to its opposition to FEMA's dispositive motion. Even if the arguments in its motion for discovery were supported by affidavits, the conclusory arguments of bad faith and the request for unspecified discovery (plus an amended answer and initial disclosures) are insufficient to warrant Rule 56(d) relief. Furthermore, the fact that Plaintiff filed a fifty-page response brief, with over two hundred pages of exhibits, would undercut any claimed need for discovery to respond to Defendants' motion for summary judgment. *See McCarthy v. U.S. Sec., Intl. Boundary and Water Commn., U.S. - Mexico*, EP-11-CV-0208-PRM, 2011 WL 13324202, at *5 (W.D. Tex. Oct. 21, 2011) (denying discovery in

a FOIA case under 56(d) because plaintiff's "filings belie his argument that additional discovery is necessary pursuant to Rule 56(d) to respond to Defendant's summary judgment").

3.  Plaintiff asserts in their motion that "it is time to ready this [case] for final disposition in the most efficient and speedy way possible" and then proposes that the resolution of this matter be delayed for an unknown period of time so that Plaintiff can engage in some unspecified discovery. Despite Plaintiff's claims to the contrary, the most prompt and efficient resolution for this case is for the Court to rule upon Defendants' motion for summary judgment. If the Court finds that the FEMA has not met its burden of showing that the FOIA exemptions at issue were properly asserted, then it can either (1) order the documents to be released, or (2) conduct an in camera inspection of the documents in question, or (3) permit FEMA to submit supplemental declarations. *See Baker v. U.S. Dep't of Homeland Sec.*, No. 3:11-CV-588, 2012 WL 245963, at *4 (M.D. Pa. Jan. 25, 2012) ("[W]here a justification for withholding documents was not in bad faith, but was instead vague, the proper remedy is to allow the agency to submit a revised supplemental declaration and Vaughn index regarding these particular materials.").

4.  Plaintiff must generally establish bad faith to demonstrate an entitlement to discovery in a FOIA case (particularly where the adequacy of the search is not an issue). *See e.g., Carney v. U.S. Dept. of J.*, 19 F.3d 807, 812 (2d Cir. 1994). Here, Plaintiff makes only a passing reference to alleged "bad faith delay," focusing on FEMA's litigation strategy. Pl's Motion at 4. In particular, Plaintiff

3

argues that FEMA should have raised jurisdictional and legal issues earlier in the case. Pl's Motion at 4-5. However, there is no case law or legal standard preventing FEMA from raising purely legal issues and jurisdictional arguments at the summary judgment stage of the case. In fact, deciding all of the jurisdictional and legal issues at one time—in conjunction with summary judgment arguments if necessary—is the most efficient means of resolving the case.

5.     Plaintiff further suggests that FEMA intentionally delayed making its jurisdictional arguments. Pl's Motion at 3 (arguing that the jurisdictional faults in Plaintiff's pleadings "were known to FEMA and readily knowable at the outset of this litigation"). However, as the Court is aware, FEMA used the time since the inception of the suit to identify, produce, and place on-line the records that Plaintiff seeks. *See, e.g.*, Doc. Nos. 25, 30. There is nothing untoward or bad faith about responding to the FOIA request and reserving jurisdictional arguments until the summary judgment stage of the case.

6.     Plaintiff's arguments concerning the adequacy of FEMA's answer and the alleged need for initial disclosures are misplaced. First, FEMA's answer was filed over a year ago. *See* Doc. No. 5. If Plaintiff believed that the answer did not comply with Rule 8, it could have challenged it. By attempting to litigate the adequacy of FEMA's answer at this stage, Plaintiff belies its assertion that it wants to resolve this case in an "efficient and speedy way." Second, even assuming that discovery was somehow necessary here (which it is not), requiring initial disclosures at this stage of the litigation would be an inefficient way to proceed at this stage of the case.

4

Plaintiff's demand for an amended answer and initial disclosures highlights the fact that Plaintiff does not know what discovery it wants and it wishes to start this case over. While this may be desirable for Plaintiff considering the flaws in its claims, it falls well short of demonstrating an entitlement to discovery in a FOIA case. Discovery should not be permitted in order to "afford the plaintiff an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits" submitted by the government. *Ocasio v. Dep't of Justice*, 67 F. Supp. 3d 438, 440 n.6 (D.D.C. 2014) (citation omitted).

7.   Plaintiff's motion complains about the adequacy of the Vaughn Index filed in support of FEMA's motion for summary judgment. But the Vaughn Index is to be considered in conjunction with the supporting declarations; together, they supply the basis for FEMA's FOIA decisions in this case. *See, e.g., Missouri Coal. For the Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1210 (8th Cir. 2008) (concluding that agency's Vaughn Index was adequate when combined with additional information provided in affidavits); *Judicial Watch, Inc.*, 449 F.3d at 146 (stating that an agency may "submit other measures in combination with or in lieu of the index itself," such as supporting affidavits, or seek in camera review of the documents). Plaintiff makes no mention of the supporting declarations, and certainly does not meet its burden of showing they are inadequate in light of the presumption of good faith that the declarations are afforded. *See Rahim v. F.B.I.*, 947 F. Supp. 2d 631, 638 (E.D. La. 2013) (recognizing that "[a]gency affidavits or declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative

5

claims about the existence and discoverability of other documents) (quotations and citations omitted); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (same).

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion for Discovery.

DATED: December 6, 2022

                Respectfully Submitted,

                JENNIFER B. LOWERY
                UNITED STATES ATTORNEY

                *s/Jimmy A. Rodriguez*
                Jimmy A. Rodriguez
                Assistant United States Attorney
                Southern District of Texas
                Attorney in Charge
                Texas Bar No. 24037378
                Federal ID No. 572175
                1000 Louisiana, Suite 2300
                Houston, Texas 77002
                Tel: (713) 567-9532
                Fax: (713) 718-3303
                jimmy.rodriguez2@usdoj.gov

                ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel
Information Law Branch

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2022, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

> *s/ Jimmy A. Rodriguez*
> Jimmy A. Rodriguez
> Assistant United States Attorney