IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-071 |
| | § | |
| FEDERAL EMERGENCY | § | |
| MANAGEMENT | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants, Federal Emergency Management Agency (FEMA), et al., file this reply in support of their pending dispositive motion. Not every point raised in Plaintiff's lengthy response ("Pl's Resp") is discussed below because the issues are adequately addressed in Defendants' original motion. Defendants will instead focus on the areas where additional argument is warranted. In further support of their motion, Defendants would show the Court the following:

I. **Plaintiff is impermissibly attempting to use FOIA and the APA to affect wholesale changes to the Individuals and Households Program (IHP).**

Plaintiff's response brief makes clear, like its prior litigation, that it disagrees with how FEMA operates its program. Indeed, Plaintiff's response highlights the broad, program-wide changes that they seek to achieve via this lawsuit. However, as the Fifth Circuit and Supreme Court have explained, a plaintiff "cannot seek wholesale improvement of [a federal program] by court decree, rather than in the

1

offices of the Department or the halls of Congress, where programmatic improvements are normally made." *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000) (quoting *Lujan v. Natl. Wildlife Fedn.*, 497 U.S. 871, 891 (1990)). Neither the APA nor FOIA provide a statutory basis for the kind of programmatic relief that Plaintiff seeks.

The purpose of FOIA is to allow the public to access governmental records. It is not to effectuate program-wide changes of the type that Plaintiff seeks. To that end, Plaintiff mistakenly asserts that FEMA has violated FOIA because the agency has not produced the types of records that Plaintiff wanted to see. *See* Pl's Resp. at 1 ("No one can read FEMA's published documents and discern how FEMA decides who is eligible . . ."); Pl's Resp. at 34 ("No one can read the IAPPG, the AR, or any document published by FEMA and discern how FEMA actually decides exactly how much IHP assistance to provide"). Plaintiff's theory of the case would turn FOIA on its head—from an objective standard of collecting and providing documents responsive to a FOIA request, to requiring an agency to satisfy a plaintiff's subjective belief as to what types of documents an agency should be creating and disclosing.

Plaintiff's response leaves no doubt that it is attempting to use FOIA's § 552(a)(2) provision to relitigate the claims Plaintiff asserted (and lost) in *Barbosa v. U.S. Dept. of Homeland Sec.*, 916 F.3d 1068 (D.C. Cir. 2019) (noting that plaintiffs argue that "the actual process by which claims are evaluated . . . is governed by 'secret law' [and] that the regulations are inadequate primarily due to FEMA's alleged failure to sufficiently specify the criteria for eligibility . . ."). *See* Def's Motion at 2-3.

The Supreme Court has recognized that "Congress never intended, when it enacted FOIA, to displace" other, more specific, statutory schemes. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980). Thus, here, FOIA, and the specified remedies available, must be interpreted in light of the discretion afforded to FEMA under the Stafford Act as discussed in *Barbosa,* 916 F.3d at 1074 (holding that courts should not use "another unrelated statute" like FOIA, "to frustrate congressional intent" of limiting review as set forth in the Stafford Act).

With respect to its APA claims, FEMA pointed out in its motion that Plaintiff had failed to identify the discrete, final agency action necessary to establish a valid APA claim. In response, Plaintiff claims that FEMA's motion for summary judgment is itself final agency action. Pl's Resp. at 25. There is no support in the case law for the proposition that a pleading in court constitutes a final agency action reviewable under the APA. Tellingly, Plaintiff's response fails to distinguish this case from *Sierra Club v. Peterson*, which is a key Fifth Circuit decision on programmatic challenges that was cited and discussed in FEMA's motion. Def's Motion at 18. Instead, Plaintiff seeks to expand this lawsuit even beyond the programmatic claims in their complaint—to complain about the processing of other FOIA claims that are not before the Court. Pl's Resp. at 12 (citing to Plaintiff's Exhibit B, listing other FOIA requests). At bottom, Plaintiff cannot stretch FOIA or the APA beyond their statutory limits in order to compel program-wide changes to FEMA's disaster relief programs.

## II.     FOIA limits judicial relief to disclosure of records to a requestor.

As explained in FEMA's motion, FOIA provides for a single type of relief: the production of record to a requester. FOIA's judicial-remedy provision states that "[o]n complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Read as a whole and in the context of the rest of the FOIA statute, this sentence is most naturally read to mean that a district court may consider a claim by a person—the "complainant"—who requested records under FOIA that were then withheld by the agency, and, if it concludes the withholding was improper, it may order the records produced to the requester. *See Kissinger*, 445 U.S. at 150 ("federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"). Thus, as the D.C. Circuit has held, a court reviewing agency action under FOIA's judicial-review provision may only order production of records to the complainant. *Citizens for Responsibility & Ethics in Washington v. DOJ ("CREW")*, 846 F.3d 1235, 1243 (D.C. Cir. 2017*); Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*, 88 F.3d 1191, 1202-03 (D.C. Cir. 1996).

Plaintiff urges the Court to adopt the broad interpretation of FOIA's judicial-review provision that has been adopted by the Ninth Circuit in *Animal Legal Defense Fund v. USDA ("ALDF")*, 935 F.3d 858 (9th Cir. 2019) and the Second Circuit in *New York Legal Assistance Group v. BIA ("NYLAG")*, 987 F.3d 207 (2nd Cir. 2021). But

4

that position rests on a misinterpretation of the statutory text as pointed out by the dissenting opinions in both of those cases and discussed below.

Plaintiff relies on a phrase taken out of context from § 552(a)(4)(B), reasoning that because a court has jurisdiction "to enjoin the agency from withholding agency records," 5 U.S.C. § 552(a)(4), it is empowered to require an agency to post § 552(a)(2) documents online. Pl's Resp. at 14-15. But that reading deprives the rest of the sentence of any meaning. It ignores the limitation on relief imposed by Congress in the latter clause—the court may only "order production" of records "improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

Not only does that language explicitly limit the relief available, it would have been entirely unnecessary if the Second and Ninth Circuit's interpretation were correct. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant"). The provision allowing a court to "enjoin . . . withholding" is alone sufficient to enable a court to order production of records to a requester. By including the phrase stating the district court could "order production" to the requester, Congress specified the form of relief that was authorized.

While the other courts have turned that logic on its head and opined that "enjoin . . . withholding" would be unnecessary if all a court could do was "order production," 935 F.3d at 870, that approach is inconsistent with the Supreme Court's description of the judicial-review provision as conferring jurisdiction "to grant injunctive relief of a described type" and "to enjoin in a specific way," *Renegotiation*

5

*Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 18 (1974)—a description consistent with the D.C. Circuit's reading that the two phrases must be read together, such that the authority to "enjoin" must be confined to a particular type of relief, namely, ordering production of records.

Similarly, Plaintiff argues that the "enjoin . . . withholding" and "order production" clauses specify two different types of relief, but that too contradicts the Supreme Court's description of the available relief as a singular "described type." Indeed, the Supreme Court has stated that jurisdiction under FOIA rests on the elements set out in the second, "order production" clause—the elements the Court quoted from that clause in holding that "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger*, 445 U.S. at 150. *Kissinger* thus support the D.C. Circuit's holding that FOIA provides for the sole remedy of producing of records to a requester.

Moreover, other aspects of the statute further refute the suggestion that FOIA's remedial provision contains two separate potential types of relief. A district court that finds an agency has acted "arbitrarily or capriciously" in withholding documents may refer the matter to the Office of Special Counsel, an investigative agency—but only if "the court orders the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(F). That language reflects

Congress's understanding that there is only one type of order that a court will issue if it rules against the government in a FOIA case.

Plaintiff points to the *Bannercraft* court's statement that FOIA's judicial-review provision did not limit the inherent powers of an equity court. Pl's Resp. at 18-19. But *Bannercraft* did not extend a court's authority to address a withholding of documents beyond the remedy specified by Congress; rather, it concerned the question of whether a harm that Congress had not addressed could be remedied in the exercise of equitable discretion. The decision does not support the conclusion that whatever inherent equitable powers a district court retains would extend to creating a new remedy, or revising the remedies Congress created, in a FOIA action. *See City of Milwaukee v. Illinois & Michigan*, 451 U.S. 304, 314-16 (1981) (noting that courts may not use equitable authority to substitute their own remedies for determinations made by Congress); *Kissinger*, 445 U.S. at 145 (reversing the lower court's holding that "FOIA permitted the court to invoke its equitable powers to order the return of wrongfully removed agency documents . . .") (internal quotations omitted). In sum, a district court may issue equitable orders to effectuate the statutory remedy, but it may not depart from the bounds of that remedy as Congress has created it.

The limited remedy described above does not render the requirements FOIA's publication requirements toothless. The statute expressly provides that a person may not be "adversely affected" by a rule or other matter that was improperly not published in the Federal Register. 5 U.S.C. § 552(a)(1); *see Kennecott*, 88 F.3d at 1203. Similarly, if a record is required to be posted online but is not, it may not be "relied

7

on, used, or cited as precedent by an agency against a party other than an agency." 5 U.S.C. § 552(a)(2). These prohibitions give agencies "a powerful incentive to publish any rules they expect to enforce," *Kennecott*, 88 F.3d at 1203, and reflect Congress's chosen remedy for an agency's failure to comply with the obligation to publish to the Federal Register or an electronic reading room.[1]

### III. Whether FOIA provides Plaintiff an "adequate remedy" under 5 U.S.C. § 704 of the APA is a purely legal question.

Plaintiff incorrectly claims that the issue of whether FOIA provides Plaintiff an "adequate remedy" is a "mixed question of law and fact." Pl's Resp. at 4; Pl's Resp. at 23 (arguing § 704 issue "cannot be determined on the present record"). Despite Plaintiff's claims to the contrary, the issue of whether an alternate adequate remedy is available under the APA is a legal question. *See, e.g., Chaverra v. U.S. Immig. and Cust. Enf't*, CV 18-289 (JEB), 2018 WL 4762259, at *4 (D.D.C. Oct. 2, 2018) (in granting motion to dismiss, rejecting plaintiff's attempt to insert factual issues into the "legal question" of whether FOIA provided an adequate remedy). Indeed, the analysis of whether an alternate remedy is adequate involves statutory interpretation: reviewing and comparing congressionally established rights of action. *See Rollerson v. Brazos River Harbor Nav. Dist. of Brazoria County Texas*, 6 F.4th 633, 642 (5th Cir. 2021) (holding that courts must look to "evidence of 'legislative

---

[1] This is the FOIA structure that Congress has created. The fact that this remedy may be limited in the context of the Stafford Act, *see Barbosa*, 916 F.3d at 1074, does not alter the analysis. The Stafford Act's limitation on judicial review is also a choice that Congress has made specifically as it relates to FEMA's administration of disaster relief programs.

8

intent' to create" an alternative remedy); *Citizens for Resp. and Ethics in Washington v. U.S. Dept. of J.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (same); *see also Sackett v. E.P.A.*, 566 U.S. 120, 127 (2012). Thus, the "adequate remedy" inquiry is based on statutory analysis—it does not present a "mixed question" of fact and law.

On this point, Plaintiff cites to an antitrust case in which a court found that jurisdictional discovery was warranted. *See* Pl's Resp. at 24 (citing *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979)). This decision is inapposite. While it is true that there are certainly cases where factual and jurisdictional issues are interwoven and for which further factual development is needed, the APA's "adequate remedy" question is not one of them.

FOIA provides all available relief in this case. The fact that FOIA limits judicial relief to disclosure of records to a requestor does not render that relief inadequate. *See De La Garza Gutierrez v. Pompeo*, 741 Fed. Appx. 994, 998 (5th Cir. 2018) (unpublished) (recognizing that "Section 704 does not require that the alternative be 'as effective as an APA lawsuit,' merely that it provide the 'same genre' of relief") (quoting *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009)). Relatedly, the adequacy of an available remedy does not turn on whether a plaintiff actually succeeds on their non-APA claim. *See Rollerson*, 6 F.4th 633, 642 (5th Cir. 2021) (holding that "the question of whether a remedy is 'adequate' under § 704 is distinct from the question of whether that remedy presents the plaintiff with a viable path to relief"). For these reasons, and the reasons discussed in FEMA's prior briefing, the

Court lacks jurisdiction over Plaintiff's APA claims because FOIA provides an adequate remedy.

## IV. The Declarations and Vaughn Index establish facts showing that FEMA is entitled to summary judgment.

FEMA is entitled to summary judgment based on the detailed declarations and the accompanying Vaughn index filed in support of its motion. The declarations and Vaughn index are entitled to a presumption of good faith. As the Fifth Circuit has explained, "in analyzing the affidavits and declarations submitted by the government, the agency is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010). With regard to the adequacy of the search, the Declaration of Gregory Bridges, Chief of FEMA's Disclosure Branch, explained that:

> The Office of Response and Recovery (ORR), IHP and the Reporting and Analytics Division (RAD), conducted multiple searches of major information systems, including FEMA's network data system within the r-drive, Processing Procedures Manual (PPM), FEMA NPSC Programs intranet portal, Virginia Systems Repository (VSR), and Individual Assistance Pre-Shift Notes (IAPN) platform. The search terms used derived from the Plaintiff's request. The search produced a total of 3,893 pages of responsive records consisting of standard operating procedures (SOPs), training material, and pre-shift instructions for staff providing individual assistance to various designated disasters in the country.

Doc. No. 40-1 at ¶ 6. Bridges also noted that additional searches were conducted with respect to FEMA's Region 6. *Id*. at ¶ 7. This detailed explanation demonstrates that FEMA performed a search reasonably calculated to uncover all relevant documents. The fact that Plaintiff believes that additional documents may exist does not render the search inadequate. *See Batton*, 598 F.3d at 176 (5th Cir. 2010) (holding that

"[w]hile [plaintiff] asserts that other documents may exist that were not located in the search, we must decide only whether the search was adequate" and noting the "'issue is *not* whether other documents may exist, but rather whether the search for undisclosed documents was adequate.'") (quoting *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992); *Verde v. Fed. Aviation Administration*, 287 F. Supp. 3d 661, 667 (S.D. Tex. 2018) (holding that to establish the reasonableness of its search, an agency must provide "relatively detailed and nonconclusory" affidavits). A plaintiff cannot "call into question the adequacy of the search by engaging in 'mere speculation that as yet uncovered documents may exist.'" *Negley v. F.B.I.*, 589 Fed. Appx. 726, 730 (5th Cir. 2014)(unpublished) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

The same presumption of good faith applies to the declarations supporting FEMA's invocation of FOIA exemption 7(E). The declarations supporting FEMA's motion provide the factual basis for the decision to invoke the exemption. *See* Bridges Declaration, Doc. No. 40-1, at ¶ 13; Torres Declaration, Doc. No. 40-3; at ¶ 12; and Wilson Declaration. Doc. No. 40-4, ¶¶ 1-5. Like the section of the Bridges declaration concerning the adequacy of the search, the declarations addressing the law enforcement concerns at issue are entitled to a presumption of legitimacy because there is no evidence—or even an assertion—of bad faith in Plaintiff's response.

## V. <u>Plaintiff's general assertion that the record must be further developed does not preclude summary judgment.</u>

Plaintiff claims at several points in its response that the record must be further developed. Plaintiff fails, however, to explain exactly what evidence is needed. *See,*

11

*e.g.*, Pl's Resp. at 29 ("After completing any permitted discovery, LUPE expect to file its cross-motion for summary judgment . . ."). The party opposing summary judgment by claiming to need discovery "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir. 1980)). This issue is addressed in more detail in Defendants' opposition to Plaintiff's motion for discovery. *See* Doc. No. 47.

For the foregoing reasons, and all the reasons set forth in Defendants' motion, the Court should dismiss this case, or in the alternative, enter summary judgment in Defendants' favor.

DATED: December 21, 2022

        Respectfully Submitted,

        ALAMDAR HAMDANI
        UNITED STATES ATTORNEY

        *s/Jimmy A. Rodriguez*
        Jimmy A. Rodriguez
        Assistant United States Attorney
        Southern District of Texas
        Attorney in Charge
        Texas Bar No. 24037378
        Federal ID No. 572175
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Tel: (713) 567-9532
        Fax: (713) 718-3303
        jimmy.rodriguez2@usdoj.gov

        ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel

Information Law Branch

**CERTIFICATE OF SERVICE**

I certify that on December 21, 2022, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
