IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-071 |
| | § | |
| FEDERAL EMERGENCY | § | |
| MANAGEMENT | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants, the Federal Emergency Management Agency (FEMA), et al., file these objections to the Magistrate Judge's Report and Recommendation ("R&R"). Doc. No. 51. The Magistrate Judge recommended that the Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Doc. No. 40, be granted in part and denied in part, and that Plaintiff's Motion for Discovery, Doc. No. 42, be denied. The Magistrate Judge carefully considered and thoroughly analyzed the issues and the only portions of the recommendation that Defendants object to are the following: the Magistrate Judge erred in recommending that the Court find that FEMA failed to demonstrate that its search was adequate and reasonable; the Magistrate Judge erred in recommending that FOIA authorizes an order requiring the production of documents that have yet to be created; and, the Magistrate Judge erred in recommending that this Court reject the D.C. Circuit's holding that FOIA remedies

1

are limited to ordering the production of documents to a requester. The specific bases for these objections are discussed below.

I.  **FEMA has proven that its search was adequate and reasonable.**

The FEMA declaration explaining the adequacy of the search in this case entitles FEMA to summary judgment under controlling Fifth Circuit law. The Magistrate Judge erred in relying on out-of-circuit, non-binding decisions to find that there is a genuine issue of material fact as to whether FEMA's FOIA search was adequate. R&R at 8.

This case raises several issues for which the Fifth Circuit Court of Appeals has not provided guidance, *see infra*, but the adequacy of a FOIA search for records is not one of those issues. The Fifth Circuit's decision in *Batton v. Evers*, 598 F.3d 169 (5th Cir. 2010) is controlling precedent on the issue of when an agency's FOIA search is adequate. In *Batton*, the Fifth Circuit established that "[a]n agency may demonstrate that it conducted an adequate search by showing that it used methods which can be reasonably expected to produce the information requested." *Id.* at 176 (internal quotations and citations omitted). In *Batton*, the agency provided a declaration that showed the following:

- The IRS's FOIA search uncovered 5,200 responsive documents using the information contained in the requestor's FOIA request. *Id.* at 176.

- The search was conducted using the available electronic databases, as well as paper documents and documents in the possession of the assigned investigative agent. *Id.*

The Fifth Circuit found that this information proved the adequacy and reasonableness of the agency's FOIA search. 598 F.3d at 176.

Here, FEMA provided more information about the adequacy of the search than the Fifth Circuit found adequate in *Batton*. FEMA provided the Declaration of Gregory Bridges, Chief of FEMA's Disclosure Branch, to explain the adequacy and reasonableness of the search. The Bridges Declaration "is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton*, 598 F.3d at 176. Thus, the Bridges Declaration must be accepted as true absent a showing of bad faith. The Bridges Declaration specifically explained that:

- FEMA's search uncovered more than 4,000 pages of responsive records using search terms derived from the Plaintiff's FOIA request. The declaration also provided examples of some of the search terms that were used.

- FEMA conducted searches of its major, agency-wide information systems as well as systems and documents that were in the possession of the relevant regional office.

- The following data systems were searched and identified in the declaration: FEMA's network data system within the r-drive, Processing Procedures Manual (PPM), FEMA NPSC Programs intranet portal, Virginia Systems Repository (VSR), Individual Assistance Pre-Shift Notes (IAPN) platform, in addition to the regional network drives and SharePoint sites.

Doc. No. 40-1 at ¶¶ 6 and 7. The declaration proves through the above description that FEMA's search was adequate—under the reasonableness standard established in *Batton*.

The Magistrate Judge mistakenly relied on non-controlling, out-of-circuit caselaw to find that the Bridges Declaration was insufficient. *See* R&R at 10-12 (citing cases from the District of Connecticut, the Ninth Circuit, and the Southern District of New York). For example, a court in the Southern District of New York held that agencies must "record and report the search terms that it used." R&R at 11

3

(quoting a *Natl. Day Laborer Organizing Network v. U.S. Immig. and Cust. Enf't Agency*, 877 F. Supp. 2d 87, 108 (S.D.N.Y. 2012)). However, other courts have recognized this decision as an outlier. *See Bigwood v. U.S. Dept. of Def.*, 132 F. Supp. 3d 124, 142 (D.D.C. 2015) (recognizing that "[t]he requirements of those cases [including the *Natl. Day Laborer* decision] exceed those imposed by the 'reasonableness' standard followed in this Circuit"). The out-of-circuit decisions relied upon by the Magistrate Judge also exceed the requirements imposed by the Fifth Circuit. As discussed above, the Bridges Declaration provides *more* information describing FEMA's search than the declaration the Fifth Circuit found adequate in *Batton*.

Finally, Plaintiff's assertion that other documents exist does not change the outcome. *See Batton*, 598 F.3d at 176 (5th Cir. 2010) (holding that "[w]hile [plaintiff] asserts that other documents may exist that were not located in the search, we must decide only whether the search was adequate" and noting the "'issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate'") (quoting *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992)). The Court should therefore not adopt the Magistrate Judge's recommendation on this issue and should instead find that FEMA has demonstrated that it conducted an adequate and reasonable search.

## II. FOIA does not authorize the prospective relief of ordering the production of documents that have yet to be created.

FOIA does not authorize a court to order an agency to produce documents that have yet to be created. Plaintiff's claim regarding future documents therefore fails as

4

a matter of law. Plaintiff seeks to have the Court compel FEMA to publish documents that are not yet in existence. *See* Complaint ("Compl."), Doc. No. 1, ("Prayer . . . requesting an order compelling the publication of records "including all future standards"). FEMA will make a determination on any such document after they are created based on the law applicable at the time. *See* Bridges Decl. at ¶ 10. FOIA's disclosure requirements and the relief available under the statute apply to "information that already exists, not information that will be created in the future." *Humane Socy. of the U.S. v. U.S. Fish and Wildlife Serv.*, 838 Fed. Appx. 721, 731 (4th Cir. 2020). This is because agencies are not legally required to produce records that were created or obtained after its search was initiated. *See Am. Oversight v. Dep't of Just.*, 401 F. Supp. 3d 16, 36 (D.D.C. 2019) (finding agency not legally required to search for records that originated after search began). The *Humane Society* court specifically held that where "eFOIA requests have been satisfied . . . and the prospective relief sought is with regard to documents not yet created, we fail to see how FOIA provides any entitlement to relief." 838 Fed. Appx. at 732 (internal quotations omitted).

In reaching the opposite conclusion, the Magistrate Judge relied on cases involving FOIA "policy or practice" claims. *See* R&R at 21 quoting *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice ("CREW")*, 846 F.3d 1235, 1242 (D.C. Cir. 2017) ("a plaintiff may challenge an agency's *policy or practice* where it will impair the party's lawful access to information in the future") (emphasis added). In those types of FOIA suits, a plaintiff alleges that the responding federal

agency has a policy or practice that violates FOIA and results in the non-disclosure of information. This action has not been brought as a policy or practice case. Even if such a case had been properly pled, Defendants do not concede that such a cause of action exists in this circuit. *See Atchafalaya Basinkeeper, Inc. v. U.S. Army Corps of Engineers*, CV 21-317, 2022 WL 219050, at *10 (E.D. La. Jan. 25, 2022 (recognizing that "[t]o date, there exists no Fifth Circuit case law acknowledging or addressing pattern, practice, or policy claims [] in the FOIA context"). Nevertheless, if one assumes the validity of a policy or practice FOIA claim in this circuit, courts deciding such a claim would have the authority to enjoin a federal agency from continuing to apply an unlawful policy in the future. That is, however, distinguishable from whether courts have the authority to order the production or publication of documents that have yet to be created in a case merely seeking the production (or publication) of records.

In any event, the Magistrate Judge correctly noted that it was not the appropriate stage of the case to determine whether a prospective injunction should issue. R&R at p. 22. In fact, after the Magistrate Judge found a genuine issue of material fact precluding summary judgment on the adequacy of the search, the issue of whether a court could order FEMA to produce or publish particular documents in the future could be reserved for a later decision.

### III. FOIA does not provide the remedial authority to compel agencies to post materials online.

The D.C. Circuit has held that when an agency improperly fails to produce or publish records under FOIA, the only available remedy is to order the production of

6

those records to the requester. *CREW,* 846 F.3d 1235 (D.C. Cir. 2017). Thus, Plaintiff's claim seeking an order compelling FEMA to publish online standards "used at any time after January 1, 2019—including all future standards" fails as a matter of law. Defendants recognize that other circuit courts of appeals have held to the contrary. However, for the reasons discussed below and in prior briefing, Defendants urge the Court to follow the D.C. Circuit precedent on this issue.

FOIA provides that an individual may make a "request for records . . . under paragraph (1), (2), or (3) of [§ 552(a)]." 5 U.S.C. § 552(a)(6)(A); *see also* 5 U.S.C. § 552(a)(6)(C)(i). If the agency fails to respond within the time allotted by statute or if the requester is unsatisfied with the result of the administrative process, the requester may file a complaint in the appropriate federal court. *Id.* at §§ 552(a)(6)(A), 552(a)(6)(C)(i). In such a case, the court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* at § 552(a)(4)(B). "[A] court has no authority under FOIA to issue an injunction mandating that an agency 'make available for public inspection' documents subject to the reading-room provision . . . [but may], consistent with section 552(a)(4)(B), order[] an agency to provide to the plaintiff documents covered by the reading-room provision." *See CREW*, 846 F.3d at 1243-44; *Kennecott Utah Copper Corp. v. United States Dep't of the Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996).

FEMA acknowledges that there is no binding Fifth Circuit law on this point and that the Second Circuit and Ninth Circuit Courts of Appeals have disagreed with

7

*CREW. See New York Leg. Assistance Group v. Bd. of Immig. Appeals,* 987 F.3d 207 (2d Cir. 2021); *Animal Legal Def. Fund v. U.S. Dep't of Agric. ("ALDF"),* 935 F.3d 858, 877 (9th Cir. 2019). However, FEMA urges the Court to follow *CREW* and its progeny as the more persuasive authority. As explained in the *N.Y. Legal Assistance Group* dissent, "Courts have long understood . . . that when an agency improperly fails to produce records, courts may [only] order the production of those records to the requester" and that the D.C. Circuit's reasoning in *CREW* is correct and should be followed. *See N.Y. Legal Assistance Group,* 987 F.3d at 226 (dissent). Moreover, the Fifth Circuit has followed D.C. Circuit FOIA precedent in other circumstances and, in doing so, recognized that the D.C. Circuit is "the federal appellate court with the most experience in this field." *Cooper Cameron Corp. v. U.S. Dept. of Lab., Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002), which further supports following *CREW* rather than other circuit court decisions. Finally, in finding that courts have the authority to issue a prospective injunction, *supra*, the Magistrate Judge relied on the *CREW* decision. *Compare* R&R at pp. 16-18 *with* R&R at pp. 21-22. If the Court decides to follow CREW on the issue of prospective remedy, it should also follow CREW on the issue of whether courts have the authority to order an agency to post records to an online reading room.

## CONCLUSION

The Court should adopt the Magistrate Judge's Report and Recommendation in part, adopting the recommendation that the Court lacks jurisdiction over Plaintiff's APA claim and denying Plaintiff's motion for discovery. The Court should decline to

adopt the recommendation and hold that FEMA demonstrated that it conducted an adequate and reasonable search of its records in response to Plaintiff's FOIA request. This matter should then be referred back to the Magistrate Judge to consider the remainder of the Defendants' summary judgment arguments.

If the Court reaches the issue of whether FOIA provides the authority to order FEMA to publish records online, it should follow the D.C. Circuit and hold that FOIA remedies are limited to ordering the production of documents to Plaintiff (rather than ordering publication online). Similarly, if the Court reaches the issue, it should hold that FOIA does not authorize an order requiring the production of documents that have yet to be created.

DATED: June 26, 2023

Respectfully Submitted,

ALAMDAR HAMDANI
UNITED STATES ATTORNEY

*s/Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel

Information Law Branch

## CERTIFICATE OF SERVICE

I certify that on June 26, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney
