IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-071 |
| | § | |
| FEDERAL EMERGENCY | § | |
| MANAGEMENT | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants, Federal Emergency Management Agency (FEMA), et al., respond to Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R"). The Court should reject Plaintiff's objections and adopt the Magistrate Judge's recommendation to (1) deny Plaintiff's motion for discovery and (2) dismiss Plaintiff's APA claim. Further, although not a recommendation, the Magistrate Judge was correct in noting that a party cannot defeat summary judgment by asserting claims not pleaded in the operative complaint. Each of these issues are addressed in turn below.

**I.    The Magistrate Judge correctly recommended that the Court deny Plaintiff's motion for discovery. R&R at 25-26.**

Plaintiff has not met its heavy burden of showing that discovery should be allowed in this FOIA case. As the Magistrate Judge pointed out, the great weight of caselaw makes clear that discovery is "generally *inappropriate* in a FOIA case."

1

*Freedom Watch, Inc. v. U.S. Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) (emphasis added); *see also Thomas v. Dep't of Health & Human Servs.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016) (discovery "rare and disfavored" in FOIA cases) (citation omitted); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); ); *see also Schiller v. INS,* 205 F. Supp. 2d 648 (W.D. Tex. 2002) (denying discovery on policies and procedures and noting that discovery is not typically part of a FOIA case).

In addition to the reasons set forth in the Magistrate Judge's recommendation, Plaintiff's request for discovery should be denied because it was procedurally improper. The motion for discovery should have been made under Federal Rule of Civil Procedure 56(d) because Defendants had moved for summary judgment. In fact, the Scheduling Order specifically provides for the filing of a Rule 56(d) motion. *See* Doc. No. 22. Under Rule 56(d) of the Federal Rules of Civil Procedure, a Court may allow time to obtain affidavits or declarations, or to take discovery, if the party opposing a motion for summary judgment shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d)(2).

In this case, Plaintiff fails to meet the threshold requirement of Rule 56(d) of showing "by affidavit or declaration that, for specified reasons," it cannot present facts essential to its opposition to FEMA's dispositive motion. Even if the arguments

in its motion for discovery were supported by affidavits, the conclusory arguments of bad faith and the request for unspecified discovery (plus an amended answer and initial disclosures) are insufficient to warrant Rule 56(d) relief. Furthermore, the fact that Plaintiff filed a fifty-page, summary-judgment response brief, with over two hundred pages of exhibits, undercuts any claimed need for discovery to respond to Defendants' motion for summary judgment. *See McCarthy v. U.S. Sec., Intl. Boundary and Water Commn., U.S. - Mexico*, EP-11-CV-0208-PRM, 2011 WL 13324202, at *5 (W.D. Tex. Oct. 21, 2011) (denying discovery in a FOIA case under 56(d) because plaintiff's "filings belie his argument that additional discovery is necessary pursuant to Rule 56(d) to respond to Defendant's summary judgment").

Finally, Plaintiff complains in its objections that this case has been pending for almost two years. Doc. No. 52, Plaintiff's Objections (Pl's Obj.") at 1. However, their request for unspecified discovery would further delay the resolution of this matter. It would also run counter to how a FOIA case is typically allowed to proceed. The Court should therefore adopt the Magistrate Judge's recommendation to deny Plaintiff's motion for discovery.

## II. The Magistrate Judge correctly recommended that the Court dismiss Plaintiff's APA claim. R&R at 22-25.

The Magistrate Judge correctly found that "[p]ermitting Plaintiff's claims under the APA would counter a clear congressional intent to deny duplicative remedies." R&R at 24 (citations omitted). Courts have consistently held that a request for documents under FOIA operates as an adequate remedy, precluding the invocation of the APA. *See Citizens for Responsibility & Ethics in Washington v.*

3

*United States Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017) *("CREW")*; *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 538 (7th Cir. 2005); *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148-49 (8th Cir. 2011); *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012). The adequacy of the FOIA remedy deprives the Court of jurisdiction over Plaintiff's APA claim.

*CREW* is particularly instructive on this point because it addressed an APA claim seeking the same relief that Plaintiff seeks here. In *CREW*, the D.C. Circuit held that FOIA provided an alternative, adequate remedy because the "creation of both agency obligations and a mechanism for judicial enforcement in the same legislation suggests that FOIA itself strikes the balance between statutory duties and judicial enforcement that Congress desired." *CREW*, 846 F.3d at 1245. Thus, the court determined that FOIA offered "precisely the kind of 'special and adequate review procedure[ ]' that Congress immunized from "duplic[ative]' APA review." *Id.* at 1246 (quoting *Bowen*, 487 U.S. at 903). The *CREW* court noted that unlike *Bowen*, where the Supreme Court held that "an alternative remedy that offered only monetary relief as an inadequate substitute for the 'general equitable powers of a district court,'" there was "no yawning gap between the relief FOIA affords and the relief [the plaintiff] seeks under the APA." *Id.* (quoting *Bowen*, 487 U.S. at 905). In sum, FOIA provides an alternative, adequate remedy, and Plaintiff's APA claim should be dismissed as the Magistrate Judge recommended.

If the Court rejects the Magistrate Judge's recommendation on the APA claim, it should address the other defects in Plaintiff's APA cause of action that the

Magistrate Judge did not reach. *See* R&R at 24. Plaintiff's summary judgment briefing made clear, like its prior litigation did, that it disagrees with how FEMA operates its program. Indeed, Plaintiff's briefing highlights the broad, program-wide changes that they seek to achieve via this lawsuit. However, as the Fifth Circuit and Supreme Court have explained, a plaintiff cannot use the APA to "seek wholesale improvement of [a federal program] by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made." *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000) (quoting *Lujan v. Natl. Wildlife Fedn.*, 497 U.S. 871, 891 (1990)). Neither the APA nor FOIA provide a statutory basis for the kind of programmatic relief that Plaintiff seeks.

Plaintiff cannot use the APA to seek more relief than is provided under FOIA. The substantive law underpinning Plaintiff's APA claim is FOIA. *See* Complaint, Doc. No. 1, at ¶¶ 77-85. The purpose of FOIA is to allow the public to access governmental records. It is not to effectuate program-wide changes of the type that Plaintiff seeks. Here, Plaintiff mistakenly asserts that FEMA has violated FOIA and the APA because the agency has not produced the types of records that Plaintiff wanted to see. *See* Doc. No. 45, Plaintiff's Response in Opposition ("Pl's SJ Resp.") at 1 ("No one can read FEMA's published documents and discern how FEMA decides who is eligible . . ."); Pl's SJ Resp. at 34 ("No one can read the IAPPG, the AR, or any document published by FEMA and discern how FEMA actually decides exactly how much IHP assistance to provide"). Plaintiff's theory of the case, whether presented as an APA or FOIA claim, would turn FOIA on its head—from an objective standard of collecting

5

and providing documents responsive to a FOIA request, to requiring an agency to satisfy a plaintiff's subjective belief as to what types of documents an agency should be creating and disclosing.

Lastly, with respect to its APA claim, FEMA pointed out in its motion for summary judgment that Plaintiff had failed to identify the discrete, final agency action necessary to establish a valid APA claim. In response, Plaintiff claimed that FEMA's motion for summary judgment is itself final agency action. Pl's SJ Resp. at 25. There is no support in the case law for the proposition that a pleading in court constitutes a final agency action reviewable under the APA. Tellingly, Plaintiff's response failed to distinguish this case from *Sierra Club v. Peterson*, which is a key Fifth Circuit decision on programmatic challenges that was cited and discussed in FEMA's motion. Def's SJ Motion at 18. Instead, Plaintiff sought to expand this lawsuit even beyond the programmatic claims in their complaint—to complain about the processing of other FOIA claims that are not before the Court. Pl's SJ Resp. at 12 (citing to Plaintiff's Exhibit B, listing other FOIA requests). At bottom, Plaintiff cannot stretch FOIA nor the APA beyond their statutory limits in order to compel program-wide changes to FEMA's disaster relief programs.

If the Court rejects the Magistrate Judge's recommendation on Plaintiff's APA claim, it should dismiss the claims on the other grounds specified in prior briefing or refer this issue back to the Magistrate Judge for a recommendation on the remaining APA jurisdictional arguments that Defendants have advanced.

**III.  The Magistrate Judge correctly noted that a party may not defeat summary judgment by raising issues not pleaded in the operative pleading. R&R at 14, n. 8.**

Plaintiff mistakenly objects to a portion of the Magistrate Judge's report that is not an actual recommendation. Plaintiff's Objection at 7. Specifically, Plaintiff alleges that the Magistrate Judge erred in finding that Plaintiff failed to seek a "document index" in its complaint. *Id*. But, the Magistrate Judge did not make a recommendation on this point and specifically stated that "it is not necessary to resolve this issue" at this time. R&R at 14, n.8. *Id*. So there is no recommendation for Plaintiff to object to here.

If the Court reaches the issue, the Magistrate Judge was correct in finding that Plaintiff cannot rely on claims that were not pleaded with specificity in the complaint to defeat summary judgment. It is black letter law that the plaintiff is the master of his complaint. *Easterling v. Gulf Guar. Ins. Co.*, 60 F.Supp.2d 586, 588 (S.D. Miss. 1999) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1988)). A party is not entitled to defeat summary judgment based on claims that have not been asserted as of the time the opposing party has filed a summary judgment motion. *Siddiqui v. AutoZone W., Inc.*, 731 F. Supp. 2d 639, 644–45 (N.D. Tex. 2010); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp.2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a)."). "To

permit a plaintiff to do otherwise would subject defendants to unfair surprise," as "the Federal Rules of Civil Procedure still require that the complaint give the defendant fair notice of the claim and its supporting facts." *Tucker v. Union of Needletrades, Indus. and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Thus, here, the Magistrate Judge correctly found that Plaintiff could not rely on claims that were not pleaded with specificity in the complaint, *see generally* Plaintiff's prayer for relief at Doc. No. 1 at pp. 14-15, in order to defeat Defendant's dispositive motion.

## CONCLUSION

The Court should reject Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

DATED: July 10, 2023

                Respectfully Submitted,

                JENNIFER B. LOWERY
                UNITED STATES ATTORNEY

                *s/Jimmy A. Rodriguez*
                Jimmy A. Rodriguez
                Assistant United States Attorney
                Southern District of Texas
                Attorney in Charge
                Texas Bar No. 24037378
                Federal ID No. 572175
                1000 Louisiana, Suite 2300
                Houston, Texas 77002
                Tel: (713) 567-9532
                Fax: (713) 718-3303
                jimmy.rodriguez2@usdoj.gov

                ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney

FEMA – Office of Chief Counsel
Information Law Branch

## CERTIFICATE OF SERVICE

I certify that on July 10, 2023, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
Jimmy A. Rodriguez
Assistant United States Attorney