**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-071 |
| | § | |
| FEDERAL EMERGENCY | § | |
| MANAGEMENT | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

<u>**DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**</u>

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel
Information Law Branch

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ..................................................................... i

TABLE OF AUTHORITIES ............................................................ iii

I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT ................................... 1

II. NATURE AND STAGE OF PROCEEDINGS ............................................ 2

    A. Plaintiff's FOIA Request ............................................... 2

    B. Plaintiff's Complaint ................................................. 3

    C. The Court's Ruling on Previous Dispositive Motions ................... 4

    D. Recent Actions: Completion of an Adequate Search, Resolution of Disputes Regarding the Vaughn Index, and Posting the Records Online. ...................... 6

III. STANDARD OF REVIEW ......................................................... 6

IV. ISSUES PRESENTED ........................................................... 8

V.  ARGUMENT .................................................................... 8

    A.   Because FEMA has fully responded to LUPE's FOIA request, no further Court action is necessary ..................................................... 8

    B.  The Court should not enter a prospective injunction concerning future documents ................................................................. 11

        1.  The standard for issuing a prospective FOIA injunction cannot be met here. ..................................................................... 12

        2.  A "follow-the-law" injunction is disfavored and is not warranted ........ 14

        3.  If the Court decides that an injunction is warranted, it must address the circuit split on whether agencies can be ordered to publish records online. ..................................................................... 15

VI. CONCLUSION .................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Animal Legal Defense Fund v. United States Department of Agriculture*,
    935 F.3d 858 (9th Cir. 2019)........................................................................... 10, 15

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
    954 F.2d 874 (3rd Cir. 1992)................................................................................. 6

*Calhoun v. F.B.I.*,
    546 Fed. Appx. 487 (5th Cir. 2013) ..................................................................... 11

*Center for the Study of Services v. U.S. Dept. of Health and Human Services*,
    874 F.3d 287 (D.C. Cir. 2017) ........................................................................ 12, 13

*Cooper Cameron Corp. v. U.S. Dep't of Labor*,
    280 F.3d 539 (5th Cir. 2002)................................................................................. 7

*Does 1–7 v. Round Rock Ind. Sch. Dist.*,
    540 F. Supp. 2d 735 (W.D. Tex. 2007).................................................................. 14

*Humane Society v. U.S. Fish and Wildlife Service*,
    838 Fed. Appx. 721 (4th Cir. 2020) ............................................................. 9, 10, 11

*Int'l Rectifier Corp. v. IXYS Corp.*,
    383 F.3d 1312 (Fed. Cir. 2004) ........................................................................... 14

*Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*,
    88 F.3d 1191 (D.C. Cir. 1996) ............................................................................. 15

*Los Angeles v. Lyons*,
    461 U.S. 95 (1983)............................................................................................. 14

*Miscavige v. IRS*,
    2 F.3d 366 (11th Cir. 1993)................................................................................... 7

*N.L.R.B. v. Express Pub. Co.*,
    312 U.S. 426 (1941)........................................................................................... 14

*New Orleans & Gulf Coast Ry. Co. v. Barrois*,
    533 F.3d 321 (5th Cir. 2008)................................................................................. 7

*New York Legal Assistance Group v. BIA*,
    987 F.3d 207 (2nd Cir. 2021) .............................................................................. 15

ii

*Payne Enterprises v. United States,*
    837 F.2d 486 (D.C. Cir. 1988) ........................................................... 12, 13

*Perry v. Block,*
    684 F.2d 121 (D.C. Cir. 1982) ............................................................. 11

*Rubin v. Buckman,*
    727 F.2d 71 (3d Cir. 1984) .................................................................. 7

*Stockman v. Fed. Election Comm'n,*
    138 F.3d 144 (5th Cir. 1998) ............................................................... 7

*Students Against Genocide v. Dep't of State,*
    257 F.3d 828 (D.C. Cir. 2001) ............................................................. 8

*Tenn. Valley Auth. v. Hill,*
    437 U.S. 153 (1978) ............................................................................ 11

*Vantage Trailers, Inc. v. Beall Corp.,*
    567 F.3d 745 (5th Cir. 2009) ............................................................... 7

*Veldhoen v. United States Coast Guard,*
    35 F.3d 222 (5th Cir. 1994) ................................................................. 7

*Voinche v. F.B.I.,*
    999 F.2d 962 (5th Cir. 1993) ............................................................... 11

*Waite v. Macy,*
    246 U.S. 606 (1918) ............................................................................ 14

Washington v. DOJ,
    ("CREW"), 846 F.3d 1235 (D.C. Cir. 2017) ........................................ 15

*Weisberg v. U.S. Dep't of Justice,*
    627 F.2d 365 (D.C. Cir. 1980) ............................................................. 8

*Wickwire Gavin, P.C. v. U.S. Postal Service,*
    356 F.3d 588 (4th Cir. 2004) ............................................................... 7

**Statutes**

5 U.S.C. § 552(a)(2) ................................................................................... 4

5 U.S.C. § 552(a)(4)(B) ......................................................................... 5, 6, 15

42 U.S.C. § 5174 ........................................................................................ 2, 3

**Rules**

Fed. R. Civ. P. 12(h)(3) ........................................................................ 6, 7

Federal Rule of Civil Procedure 12 ............................................................ 1

Federal Rule of Civil Procedure 56 ............................................................ 1

Rule 12(b)(1) ........................................................................................... 7

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants, the Federal Emergency Management Agency (FEMA) and the U.S. Department of Homeland Security, move to dismiss under Federal Rule of Civil Procedure 12 or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56.

Plaintiff La Union Del Pueblo Entero (LUPE) brought this suit to compel FEMA to act on its Freedom of Information Act (FOIA) request to make certain documents available to the public online. As discussed below, FEMA has fully responded to LUPE's FOIA request: the documents that LUPE sought have been located, produced, and placed online in FEMA's FOIA virtual reading room; LUPE and FEMA worked cooperatively to ensure that FEMA's search for responsive records was adequate; and FEMA has produced a *Vaughn* Index to support its withholdings and redactions, an index that LUPE does not challenge. As a result of these actions, there is very little left for the Court to resolve in this FOIA action.  The primary remaining issue is whether the Court should enter a prospective injunction— requiring FEMA to take certain actions in the future. The Court should not issue such an order.

There are both prudential and legal reasons why an injunction is unnecessary here.  First, from a prudential perspective, there is no practical reason to enter a prospective "follow-the-law" injunction against FEMA. FEMA has committed to reviewing documents as they are produced to determine whether those documents should be published online as FOIA requires.  The Court should exercise its discretion

1

to not issue an injunction requiring FEMA to publish future records online. Second, from a legal perspective, the record in this case does not establish the necessary factual basis—of "delinquency and recalcitrance" on FEMA's part—to warrant a prospective injunction under FOIA. To contrary, although there was a delay in locating and producing the records LUPE sought, FEMA has worked in good faith to comply with FOIA as demonstrated by the agreements reached on the search and *Vaughn* Index issues. Third, FEMA continues to maintain that the Court lacks the jurisdiction to compel FEMA to publish documents online. There is a circuit split on this issue, which the parties have previously briefed at length. The Court would have to resolve this split in LUPE's favor in order to issue a prospective injunction requiring the publication of FEMA records online. Nevertheless, as discussed below, the Court need not reach this issue in order to grant this motion and resolve this case in FEMA's favor.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

### A.     Plaintiff's FOIA Request

Plaintiff submitted a FOIA request to FEMA in May of 2021.  *See* ECF 40-1, Declaration of Gregory Bridges, Chief of Disclosure Branch ("Bridges Decl."). Plaintiff requested that FEMA make the following material available online:

> a. all records that communicate to any FEMA employee or to any FEMA contractor (including subcontractors) any substantive or procedural standard that is or will be used by FEMA, FEMA employees, FEMA contractors, or FEMA subcontractors to help decide any application for assistance under the Individuals and Households Program ("IHP") established in 42 U.S.C. § 5174 following a disaster declared after January 1, 2019; and

b. all records that state any future change to any existing substantive or procedural IHP standard described above, regardless of whether the change is disaster-specific or applies to all future disasters.

*Id.* at ¶ 3.

FEMA acknowledged the request and conducted a search for responsive records. *Id.* After this suit was filed, FEMA produced documents to LUPE on a rolling basis, making a series of releases between August of 2021 and November of 2023. In total, FEMA produced more than 10,000 pages of responsive documents. *See* ECF 30 (original FOIA responses), ECF 83 (Supplemental Responses) and ECF 92 (Reprocessed Responses). In addition to producing these documents to LUPE, FEMA has indexed the documents and made them available to the public by placing them online. *See* https://www.dhs.gov/publication/fema-records.

FEMA originally withheld approximately 2,400 pages of documents under certain FOIA exemptions. FEMA identified those withheld documents and the relevant exemptions in a *Vaughn* Index. *See* ECF 40-2, Original *Vaughn* Index. FEMA has since discretionarily released the vast majority of those documents and provided an updated *Vaughn* Index. ECF 89.

 FEMA did not make a decision on future documents. Instead, FEMA will make a determination on those future materials when they are created. *See* Bridges Decl., ECF 40-1, at ¶ 10.

## B. Plaintiff's Complaint

Plaintiff's complaint asserts two causes of action. First, Plaintiff asserts a claim under FOIA for FEMA's alleged failure to make records publicly available.  *See*

Doc. No. 1, at ¶¶ 70-76 ("First Cause of Action"). Second, Plaintiff asserted that

FEMA's actions, or inaction, with respect to making records publicly available under

FOIA allegedly violates the APA. *See* Doc. No. 1, ¶¶ 77-85 ("Second Cause of Action").

As noted below, the Court dismissed the APA cause of action, so the only live count

is Plaintiff's claim under FOIA. In relevant part, the FOIA count alleges the

following:

> LUPE has exhausted its administrative remedies … Defendants have a
> statutory obligation under 5 U.S.C. § 552(a)(2) to make the records *requested*
> *by LUPE*—including past records and future records—publicly available in its
> electronic reading room prior to their use, and to do so affirmatively without
> awaiting any further request for publication.

ECF 1 at ¶¶ 72, 74 (emphasis added).

### C.   The Court's Ruling on Previous Dispositive Motions

On August 1, 2023, the Court entered an Order adopting in part the Magistrate

Judge's recommendations on the parties' dispositive motions. ECF at 57.  The Court

dismissed LUPE's Administrative Procedure Act claim and denied its request for

discovery.  *Id*. at 9-10. The Court also addressed several issues that are relevant to

the instant motion. The Court first adopted the recommendation that LUPE's claims

were not moot. Among other reasons, the Magistrate Judge had noted that LUPE still

challenged the adequacy of the search and the *Vaughn* Index in the case.  ECF 51 at

7.  FEMA did not object to that portion of the recommendation and, after noting the

parties' lack of objection, the Court adopted it, denying FEMA's motion to dismiss on

mootness grounds. ECF 57 at 2. Relatedly, the Court held that there remained a

genuine issue of material fact over the adequacy of FEMA's search for responsive

records and the completeness of its *Vaughn* Index. *Id*. at 2-7. Thus, summary judgment on the issue of the adequacy of the search and FEMA's claimed exemptions were denied, but without prejudice. *Id*. at 7.

The Court then turned to issues related to LUPE's request for injunctive relief. On the issue of whether 5 U.S.C. § 552(a)(4)(B) authorizes courts to order agencies to post documents online, the Court declined to issue a ruling addressing the circuit split on this issue. ECF 57 at 7. In so holding, the Court reasoned that:

> If FEMA's search ultimately proves adequate and it has uploaded all documents LUPE believes should be online, then no controversy over this issue would remain.

*Id*.

The Court held that it has the authority to issue a prospective injunction in a FOIA suit, but it declined to determine whether such an injunction should issue in this case for several reasons. First, the aforementioned circuit split would have to be resolved before a prospective injunction ordering the publication of documents could issue; second, the parties could potentially resolve the issue via a compromise agreement; and third, the Court held that it was not required to issue an injunction and that it was unclear clear whether granting prospective relief would be appropriate in this case. *Id*. at 8.

The Court entered a docket control order, which established multiple phases for the remainder of the litigation. ECF 58. The parties have worked through the majority of the phases, with only the last two stages remaining (Phases VIII and IX).

ECF 94.  The Court entered a scheduling order for Phase VIII, establishing a briefing schedule for the instant motion for summary judgment. ECF 95.

**D.     Recent Actions: Completion of an Adequate Search, Resolution of Disputes Regarding the *Vaughn* Index, and Posting the Records Online.**

After the Court's August 2023 Order and the entry of the Docket Control Order, the parties focused their efforts on the adequacy of the search and the completion of the *Vaughn* Index. Through the parties' good faith negotiations and collaborative efforts, the parties were able to resolve these issues without Court involvement. First, an agreement was reached on the parameters of a supplemental search for records. ECF 69. Second, after FEMA completed the supplemental search, the parties agreed that FEMA had conducted an adequate search for the records sought in LUPE's FOIA's request. ECF 79. Third, the parties turned their attention to the *Vaughn* Index. FEMA discretionarily released many of the records that were previously redacted or withheld and provided a revised *Vaughn* Index for those remaining exemptions still at issue. ECF 90. The parties subsequently agreed that there were no disputes regarding FEMA's *Vaughn* Index. *Id.*

The records that were identified in response to LUPE's FOIA request have been indexed and posted online in FEMA's electronic reading room. *See* https://www.dhs.gov/publication/fema-records. For the convenience of the Court, the records have also been filed on the docket in this case. *See* ECF 30 (original FOIA responses), ECF 83 (Supplemental Responses) and ECF 92 (Reprocessed Responses).

## III.   STANDARD OF REVIEW

"If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing Rubin v. Buckman, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party."). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

Rule 56 of the Federal Rules of Civil Procedure mandates that summary judgment be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved. *Wickwire Gavin, P.C. v. U.S. Postal Service*, 356 F.3d 588, 591 (4th Cir. 2004) (citing *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993)) ("FOIA cases are

generally resolved on summary judgment once the documents at issue have been properly identified."); *accord Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases"). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

## IV.   ISSUES TO BE RULED UPON

1.    Whether, because the agency has fully responded to LUPE's FOIA request, FEMA is entitled to a judgment in its favor without further Court action.

2.    If the Court determines that it should consider entering a prospective injunction, whether such an injunction in warranted; and, if so, whether the Court has the legal authority under FOIA to order the publication of agency materials online.

## V.   ARGUMENT

### A.   Because FEMA has fully responded to LUPE's FOIA request, no further Court action is necessary.

Because FEMA has fully responded to LUPE's FOIA request, the Court should enter a judgment in FEMA's favor.  In response to LUPE's FOIA request, FEMA has conducted an adequate search of its files for all records covered by the request.  LUPE does not dispute this fact. *See* ECF 79. FEMA has also identified all withheld information and invoked the proper FOIA exemption for the withheld material.

Again, LUPE does not dispute this. *See* ECF 90. For all records responsive to LUPE's FOIA request, FEMA has posted those records online along with an index. *See* https://www.dhs.gov/publication/fema-records. As a result of these actions, FEMA has satisfied its FOIA obligations as a matter of law. The Court should therefore grant summary judgment in FEMA's favor or, in the alternative, dismiss LUPE's complaint as moot.

The decision in *Humane Society v. U.S. Fish and Wildlife Service*, 838 Fed. Appx. 721, 730 (4th Cir. 2020), is instructive here. In *Humane Society*, the plaintiff's FOIA request sought, among other things, to have the U.S. Fish and Wildlife Service (FWS) post copies of certain types of permits that had been issued—and would be issued in the future—in the agency's electronic reading room. *Id.* at 725. The plaintiff further argued that the FWS had a "pattern and practice" of "failing to comply with eFOIA by not proactively posting" copies of certain types of permitting materials online. *Id.* Plaintiff sought a declaratory judgment and an injunction requiring the FWS to make the permitting records "available on an ongoing basis electronically and in a timely manner . . . via FWS' online reading room." *Id.* at 726.

After the complaint initiating the action was filed, the FWS published the permits sought in its electronic reading room. The district court held that the FWS had therefore "fulfilled [the plaintiff's] FOIA requests" for permits within the relevant time. *Id.* at 727. The trial court also dismissed the plaintiff's claims concerning the FWS' obligation to post records on a rolling basis into the future, finding that FOIA only applied to documents that already exists, not information to be created in the

9

future. *Id*. The Fourth Circuit agreed on both points. First, it held that because the FWS had "posted online all of [the plaintiff's] requested documents" any claim regarding the past request for online posting was rendered moot. *Id*. at 730.

Second, with regard to the *Human Society* plaintiff's request for prospective injunctive relief, the Fourth Circuit Court of Appeals held that "FOIA does not entitle [plaintiff] to the prospective relief they seek as to documents *not yet in existence*." *Id*. at 731. In so holding, the Fourth Circuit acknowledged the cases finding that courts have the authority to order agencies to publish material online. *Id*. (citing *Animal Legal Defense Fund v. United States Department of Agriculture*, 935 F.3d 858, 869 (9th Cir. 2019)). However, the *Animal Legal Defense Fund* case dealt with records already in existence, "not nebulous records that have not yet come to fruition." *Id*. Thus, the Fourth Circuit held that "we do not hold that [a plaintiff] can never receive injunctive relief pursuant to [FOIA]. But where all [the plaintiff's] eFOIA requests have been satisfied . . . , and the prospective relief sought is with regard to documents not yet created, we fail to see how FOIA provides any 'entitle[ment] . . . to relief.'" *Id*. at 732.

Here, the Court should reach the same conclusion. Indeed, this Court has already made the following clear:

> If FEMA's search ultimately proves adequate and it has uploaded all documents LUPE believes should be online, then no controversy over [the issue of ordering FEMA to post documents online] would remain.

ECF 57 at 7. This is exactly what has occurred. FEMA has conducted an adequate search and posted the records resulting from that search online. Thus, LUPE's claims

regarding the documents in existence during the relevant time period—from January 1, 2019, to January 19, 2022[1]—are moot. *See Calhoun v. F.B.I.,* 546 Fed. Appx. 487, 490 (5th Cir. 2013) (holding that complaint is rendered moot when the agency's responds to the FOIA request) (citing *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993)); *see also Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)(holding that "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts [generally] have no further statutory function to perform"). Moreover, LUPE's claim for prospective injunctive relief for documents not yet created fails as a matter of law. *See Humane Society*, 838 Fed. Appx. at 732. The Court need not proceed any further in fully resolving this matter and granting a judgment in FEMA's favor.

### B.   The Court should not enter a prospective injunction concerning future documents.

Even assuming that LUPE's request for prospective injunctive relief does not fail as a matter of law, the Court should not enter a prospective injunction. The Court has previously stated that simply because it has the authority to grant injunctive relief, does not mean that it should do so in this case. ECF 57 at 8-9 (citing *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 193 (1978) ("[A] federal judge . . . is not mechanically obligated to grant an injunction for every violation of law.")). The facts

---

[1] The Court established this as the applicable time period. *See* August 14, 202 Order, ECF 61 at 2 ("FEMA must search for responsive records generated between January 1, 2019, and January 19, 2022").

presented here do not warrant an injunction requiring FEMA to publish documents online in the future.

### 1.   The standard for issuing a prospective FOIA injunction cannot be met here.

The D.C. Circuit's decision in *Center for the Study of Services v. U.S. Dept. of Health and Human Services*, 874 F.3d 287 (D.C. Cir. 2017), describes the circumstances under which a court may properly consider issuing an injunction in a FOIA case. In *Center*, the court of appeals reversed a district court's issuance of a prospective injunction—requiring the agency to release certain information in the future as it was created. *Id.*  In reversing the order granting prospective relief, the *Center* court recognized that courts have the equitable authority to issue an injunction in a FOIA case. *Id.* at 291 (citing *Payne Enterprises v. United States*, 837 F.2d 486 (D.C. Cir. 1988)). But the court held that, in order to issue a prospective injunction, the district court must base such relief on a finding of severe "delinquency" and "recalcitrance" on the part of the responding agency. *Id.* at 292. The *Center* court explained that in *Payne*—where the court did not actually issue an injunction, but merely held that one should be considered—the government agency had consistently refused to release the material in question: to the point of defying superiors at the agency. In *Center*, there were no similar facts.  The following are the types of factual findings that would support an injunction under the "delinquency" and "recalcitrance" standard:

- that the agency violated FOIA;

12

- "that the agency was adhering to a policy or practice that it acknowledged as impermissible";

- that "the agency was likely, in the face of [an adverse FOIA ruling], to continue on that basis to impair [a requestor's] lawful access to the information in the future";

- and, "that the agency invoked [a FOIA Exemption] solely for purposes of delay, effectively flaunting the statutory scheme, [or] that its invocation was frivolous on its face".

*Id*. at 292.  In *Center*, although there had been some delay, "what occurred [] was not the sort of agency delinquency under FOIA that our precedent contemplates could be appropriate grounds for injunctive relief." *Id*. at 293. In determining whether prospective injunctive relief is proper, a court must find, "even in the face of conceded agency recalcitrance in complying with FOIA," a "likelihood of continued delinquent conduct by the agency." *Id*.  In making this assessment, a court must presume that the agency will comply with the law, particularly any rulings by the court. *Id*.

Here, FEMA is committed to evaluating documents as they are created to determine if they should be posted online under FOIA's electronic reading room provisions. Bridges Declaration, ECF 40-1 at ¶ 10. There was certainly a delay in providing LUPE the documents they sought to have published online, but FEMA's actions were not the type of severe delinquency and recalcitrance that would justify a prospective injunction. With respect to the types of documents at issue, it would make little sense for FEMA to refuse to post the necessary documents online, only to

13

invite more time-consuming litigation. Further, FEMA's actions in this case—in particular, the cooperative manner in which the issues concerning the adequacy of the search and the *Vaughn* Index were resolved—belies any assertion of recalcitrance. This, when combined with the fact that the Court must presume that FEMA will comply with the applicable law, weighs heavily against the issuance of prospective relief.

### 2. A "follow-the-law" injunction is disfavored and is not warranted.

Moreover, an injunction requiring FEMA to comply with FOIA's electronic reading room provision prospectively would constitute a "follow-the-law" injunction— a type of relief that courts generally disfavor. *See, e.g., Waite v. Macy*, 246 U.S. 606, 609 (1918) ("Courts will not issue injunctions against administrative officers on the mere apprehension that they will not do their duty or will not follow the law."); *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435 (1941) ("But the mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute."); *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1316 (Fed. Cir. 2004) (noting that "the Supreme Court has denounced broad injunctions that merely instruct the enjoined party not to violate a statute"); *Does 1–7 v. Round Rock Ind. Sch. Dist.*, 540 F. Supp. 2d 735, 745 (W.D. Tex. 2007) ("In the absence of some allegedly imminent violation of the law, ... an injunction [to follow the law] is inappropriate....") (citing *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)). For the reasons discussed above, an injunction ordering FEMA to comply with FOIA as it creates documents in the future is not warranted here.

14

3.      **If the Court decides that an injunction is warranted, it must address the circuit split on whether agencies can be ordered to publish records online.**

Lastly, before issuing an injunction requiring FEMA to publish certain material online, the Court would be required to determine that it has the legal authority to do so under FOIA. As explained in prior briefing, FOIA provides for a single type of relief: the production of records to a requester. FOIA's judicial-remedy provision states that "[o]n complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Read as a whole and in the context of the rest of the FOIA statute, this sentence is most naturally read to mean that a district court may consider a claim by a person—the "complainant"—who requested records under FOIA that were then withheld by the agency, and, if it concludes the withholding was improper, it may order the records produced to the requester. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"). Thus, as the D.C. Circuit has held, a court reviewing agency action under FOIA's judicial-review provision may only order the production of records to the complainant. *Citizens for Responsibility & Ethics in Washington v. DOJ (*"CREW*")*, 846 F.3d 1235, 1243 (D.C. Cir. 2017*); Kennecott Utah Copper Corp. v. U.S. Dep't of the Interior*, 88 F.3d 1191, 1202-03 (D.C. Cir. 1996).

There is a circuit split on this issue and LUPE urges the Court to adopt the broad interpretation of FOIA's judicial-review provision that has been endorsed by the Ninth Circuit in *Animal Legal Defense Fund*, 935 F.3d at 858 and the Second Circuit in *New York Legal Assistance Group v. BIA*, 987 F.3d 207 (2nd Cir. 2021). The parties have previously briefed the issues presented in this circuit split. *See* Defendants Motion to Dismiss, or in the alternative, for Summary Judgment, ECF 40 at 6-8; Defendants' Reply, ECF 50 at 4-8; Defendants' Objection to the Magistrate Judge's Recommendation, ECF 53 at 6-8. The arguments in the prior briefing are incorporated by reference and need not be repeated here. The Court must decide the issue addressed in this briefing before it can issue an injunction requiring FEMA to publish materials online. If the Court decides to follow CREW, then it lacks the authority to issue a prospective injunction requiring the publication of FEMA materials online and LUPE's request for prospective injunctive relief must be denied. Of course, the Court need not address the circuit split if it determines that LUPE is otherwise not entitled to prospective injunctive relief.

## VI.   CONCLUSION

FEMA has fully responded to LUPE's FOIA request and there is no genuine issue of material fact remaining.  The Court need not take further action regarding future documents that FEMA may create. FEMA will evaluate those documents in accordance with FOIA's requirements. No injunctive relief is warranted in this case under the applicable standard. Even assuming that a prospective injunction could be supported here, the Court cannot order FEMA to publish documents online under the

D.C. Circuit's decision in CREW.  For these reasons, and all the reasons discussed above, the Court should decline to award any prospective relief, dismiss Plaintiff's Complaint or, if the Court reaches the merits, grant summary judgment in favor of Defendants.

 DATED: January 18, 2024

                                        Respectfully Submitted,

                                        ALAMDAR S. HAMDANI
                                        UNITED STATES ATTORNEY

                                        *s/Jimmy A. Rodriguez*
                                        Jimmy A. Rodriguez
                                        Assistant United States Attorney
                                        Southern District of Texas
                                        Attorney in Charge
                                        Texas Bar No. 24037378
                                        Federal ID No. 572175
                                        1000 Louisiana, Suite 2300
                                        Houston, Texas 77002
                                        Tel: (713) 567-9532
                                        Fax: (713) 718-3303
                                        jimmy.rodriguez2@usdoj.gov

                                        ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel
Information Law Branch

17

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 18, 2024, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*<u>s/ Jimmy A. Rodriguez</u>*
Jimmy A. Rodriguez
Assistant United States Attorney
