IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:21-CV-071 |
| | § | |
| FEDERAL EMERGENCY | § | |
| MANAGEMENT | § | |
| AGENCY, et al., | § | |
| | § | |
| *Defendants.* | § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, the Federal Emergency Management Agency (FEMA), et al., file this reply in support of their Motion to Dismiss or, in the alternative, Motion for Summary Judgment ("Motion"). The majority of Plaintiffs' Response in Opposition ("Pl's Resp.") need not be addressed below because LUPE's arguments are adequately addressed in Defendants' original motion and response. Defendants will instead focus on the few areas where additional argument is warranted. In further support of their motion, Defendants would show the Court the following:

1.  FEMA has fully responded to LUPE's FOIA request based on the parameters that the Court established. In its response, LUPE takes issue with the fact that FEMA did not search for and produce records after January 19, 2022. Pl's Resp. at 2. But, as explained in FEMA's prior briefing, the Court established the January 19, 2022 cutoff date (over LUPE's objection). ECF 100 at 2. Indeed, the Court established this cutoff date on August 14, 2023 – nearly seventeen months after

1

January 2022. The Court could have ordered FEMA to produce records up to the present (August 2023) or some other date in the future, but it did not. LUPE wanted, and continues to seek via a proposed injunction, FEMA to search and publish documents with no limitation or as LUPE says, "in perpetuity." Pl's Resp. at 4. The Court has rejected this approach: for good reason, adopting it would prevent this case from ever ending.

    2.    LUPE's arguments concerning the index are a red herring. To the extent that LUPE pled any claim regarding the index, it was seeking to compel FEMA to produce an index. That has been done and the claim is therefore moot. Further assuming for the sake of argument that a claim regarding an index has been pled and assuming that the indexing requirement applies to the documents at issue here, LUPE's arguments concerning the index lack merit for several reasons. First, LUPE's primary dispute seems to be the timing of the index. This was addressed in FEMA's response, and the timing of the index is not a proper basis for a valid FOIA claim. Second, there are few court decisions concerning the adequacy of the index itself. However, the *Humane Society v. U.S. Fish and Wildlife Serv.*, 838 Fed. Appx. 721, 732 (4th Cir. 2020) decision addressed and rejected an index claim. The court specifically held the following:

> Appellants' claim that FWS improperly indexed its records suffers from the same fatal flaw as their claim for prospective relief. There is no reasonable reading of the remedial provision that demonstrates entitlement to relief based upon the sufficiency of a FOIA index. In any event, the statute requires a "general index," § 552(a)(2)(E), which it does not define. The records in this case are delineated by species, and Appellants cite no persuasive authority that this is somehow insufficient. Therefore, this claim fails to state a plausible claim for relief as well.

*Id.* at 732. Similarly, here, LUPE cites no persuasive authority establishing that FEMA's general index is insufficient. Instead, LUPE's cites to a case concerning Rule 34 production obligations. Pl's Resp. at 3. This case is inapposite and LUPE's reliance on it demonstrates the complete lack of legal support for LUPE's challenge to the index.

3. LUPE incorrectly asserts that FEMA cannot rely on the *Humane Society* decision because the Court did not previously follow its holding. Pl's Resp. at 7 (arguing that "the law of the case" doctrine applies). As the Court is aware, this case is now at a much different procedural posture than when the Court first considered the *Human Society* decision. At the time that FEMA first moved for summary judgment, issues remained concerning the adequacy of its search and *Vaughn* Index. Those issues have been resolved. As a result, the *Humane Society* opinion is now more directly on point. In any event, "in civil cases a district court is not precluded by the law-of-the-case doctrine from reconsidering previous rulings on interlocutory orders such as summary judgment motions, as those rulings are not immutable and lack *res judicata* effect." *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 642 (S.D. Tex. 2009) (quoting *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997)). So, the law of the case doctrine does not apply despite LUPE's suggestion to the contrary, and the Court is free to follow the *Humane Society* decision for all the reasons discussed in FEMA's prior briefing.

4. LUPE makes reference to an "Administrative Record" in this case as purportedly supporting it claims. Pl's Resp. at 4. However, as FEMA has explained

3

on several occasions, ECF 29 and ECF 92, there is no administrative record in this FOIA action. FOIA cases in general do not involve administrative records. *See* ECF 29 at ¶ 4. That said, FEMA has filed the responses to LUPE's FOIA request on the docket, and FEMA has no objection to those records being cited. The records, however, should not be referred to as an "administrative record", which could create confusion on appellate review.

5. FEMA's assertion of legal defenses in its motion in no way demonstrates recalcitrance. LUPE mistakenly argues that because FEMA has asserted several legal theories, including mootness, it is demonstrating recalcitrance of the type that would support a FOIA injunction. Pl's Resp. at 4. There are no cases holding that an agency's assertion of legal defenses in response to a FOIA claim, particularly jurisdictional defenses, constitutes recalcitrance. The Court should reject LUPE's argument to the contrary.

6. At bottom, FEMA followed the Court's order on the scope of the records searched and produced. LUPE nevertheless argues that FEMA is in violation of FOIA because it wants additional records that the Court did not order FEMA to produce. And, according to LUPE, FEMA following the Court's order and not producing the additional documents is evidence that it is recalcitrant, ergo, injunctive relief is necessary. The Court should reject this line of reasoning.

For all the reasons discussed above and in prior briefing, the Court should grant FEMA's dispositive motion.

DATED: February 29, 2024

                                  Respectfully Submitted,

                                  ALAMDAR S. HAMDANI
                                  UNITED STATES ATTORNEY

                                  *s/Jimmy A. Rodriguez*
                                  Jimmy A. Rodriguez
                                  Assistant United States Attorney
                                  Southern District of Texas
                                  Attorney in Charge
                                  Texas Bar No. 24037378
                                  Federal ID No. 572175
                                  1000 Louisiana, Suite 2300
                                  Houston, Texas 77002
                                  Tel: (713) 567-9532
                                  Fax: (713) 718-3303
                                  jimmy.rodriguez2@usdoj.gov

                                  ATTORNEYS FOR THE UNITED STATES

Of counsel:
Joseph Macri II, Trial Attorney
FEMA – Office of Chief Counsel
Information Law Branch


## CERTIFICATE OF SERVICE

     I certify that on February 29, 2024, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

                                  *s/ Jimmy A. Rodriguez*
                                  Jimmy A. Rodriguez
                                  Assistant United States Attorney