United States District Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:21-cv-00071** |
| | § | |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

This case involves Plaintiff La Unión del Pueblo Entero's ("LUPE") Freedom of Information Act ("FOIA") to the Federal Emergency Management Agency ("FEMA"). LUPE sued both FEMA and the United States Department of Homeland Security ("DHS") (collectively, "Defendants"). LUPE seeks to compel FEMA to publish the standards it uses for evaluating applications to the Individuals and Households Program ("IHP").

Before the Court are two motions: Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, (Dkt. No. 97), and Plaintiff's Motion for Summary Judgment, (Dkt. No. 98).

For the reasons below, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, (Dkt. No. 97), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Summary Judgment, (Dkt. No. 98), is **DENIED**.

## I. BACKGROUND

This Freedom of Information Act ("FOIA") case involves a dispute between Plaintiff La Unión del Pueblo Entero and two Defendants: the Federal Emergency Management Agency ("FEMA") and the United States Department of Homeland Security ("DHS"). (Dkt. No. 1). LUPE asserts that FEMA violated FOIA when it failed to timely

disclose records about the Individuals and Households Program ("IHP"), a Stafford Act program that provides money for people to rebuild homes after disasters.[1] (*Id.* at 11).

La Unión del Pueblo Entero ("LUPE") helps low-income, mostly Spanish-speaking families seek fair treatment in their communities. In May 2021, LUPE submitted a FOIA request asking FEMA to post online all documents that FEMA uses to evaluate applications for IHP assistance. (*Id.*). Additionally, LUPE asked FEMA to commit to publishing any future IHP standards. (*Id.*). Over the next three months, LUPE and FEMA corresponded by mail. Nevertheless, LUPE alleged that FEMA failed to indicate whether it would respond to LUPE's request within the time allotted by FOIA. *See* 5 U.S.C. § 552(a)(6). (Dkt. No. 1 at 10–11).

After FEMA failed to meet its deadline, LUPE sued FEMA and DHS. (Dkt. No. 1). Under FOIA, an agency must post certain documents online in an electronic reading room. 5 U.S.C. § 552(a)(2). LUPE alleged that FEMA's failure to publish its records harmed LUPE and its members. (Dkt. No. 1 at 7–13). Thus, LUPE asked the Court for two injunctions. (*Id.* at 14–15). The first would compel FEMA to post the requested documents online, while the second would be a prospective "follow-the-law" injunction ordering FEMA to post all documents addressing IHP standards that it might generate in the future. (*Id.*).

By September 2022, FEMA had produced over 4,300 pages of responsive documents and posted them online. (Dkt. Nos. 40-1 at 3; 45 at 13). Under FOIA exemptions, FEMA withheld approximately 2,400 pages of documents. (Dkt. No. 40-2). It also refused to agree to release future documents. (*Id.*). Instead, FEMA stated that it will evaluate those materials as they are created. (Dkt. No. 40-1 at 3).

Defendants later filed their first Motion to Dismiss or, in the Alternative, for Summary Judgment. (Dkt. No. 40). The District Court referred the motion to the United States Magistrate Judge, (Dkt. No. 49), for a Report and Recommendation, (Dkt. No. 51),

---

[1] The Robert T. Stafford Disaster Relief and Emergency Assistance Act governs the federal government's response to emergencies and "major disasters." 43 U.S.C. §§ 5121, *et seq*. FEMA administers several Stafford Act programs, including the Individuals and Households Program. 42 U.S.C. § 5147. Under the Stafford Act, FEMA must "prescribe rules and regulations . . . including criteria, standards, and procedures for determining eligibility for assistance." 42 U.S.C. § 5147(j).

which the District Court adopted in part, (Dkt. No. 57). The Court simultaneously entered a detailed Docket Control Order ("DCC"). (Dkt. No. 58).

Consistent with the deadlines in the DCC, the parties agreed on the parameters of a supplemental search in late August 2023. (Dkt. No. 69). Both parties concluded that the supplemental search was adequate. (*See* Dkt. No. 79). FEMA also provided an updated *Vaughn* index, (Dkt. No. 89), about which there are no disputes. (Dkt. No. 90). Afterwards, FEMA posted the responsive documents online. (*See* Dkt. No. 97 at 14;[2] *see also* Dkt. Nos. 30; 83; 92) (reproducing as court filings all documents posted in DHS's electronic reading room).

In January, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, (Dkt. No. 97), which has been fully briefed, (Dkt. Nos. 99; 101). Defendants assert that FEMA has discharged its duties under FOIA and that no controversy remains for the Court to resolve. In effect, they argue that LUPE's claims should be dismissed because they are moot. In the alternative, Defendants contend that LUPE hasn't met the requirements to obtain a prospective injunction or, if it has, that the Court does not have the authority to order FEMA to post documents online. If the Court reaches these issues, Defendants move for summary judgment.

LUPE also filed a Motion for Summary Judgment, (Dkt. No. 98), which has been fully briefed, (Dkt. Nos. 100; 102). LUPE argues that the Court should enjoin FEMA from violating FOIA's reading-room provision, § 552(a)(2). Specifically, LUPE seeks a prospective injunction that requires FEMA to post online any future documents concerning IHP eligibility standards. LUPE contends that FOIA's remedial provision, § 552(a)(4)(B), empowers the Court to grant such relief. In addition, LUPE moves for summary judgment on each element of its request for an injunction: (1) whether FEMA has a policy or practice of violating FOIA; (2) whether LUPE will face irreparable harm absent an injunction; and (3) whether the harm that such an injunction would cause to FEMA outweighs the harm that the lack of an injunction would cause to LUPE.

---

[2] *FEMA Frequently Requested Records*, U.S. DEPARTMENT OF HOMELAND SECURITY (Jan. 23, 2024), https://www.dhs.gov/publication/fema-records [https://perma.cc/L983-Z79C].

## II. LEGAL STANDARDS AND APPLICABLE LAW

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Hill v. Estate of Hill*, 594 F. Supp. 3d 741, 755 (N.D. Tex. 2022) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). They must have statutory or constitutional power to adjudicate a claim. *Id.* Absent subject-matter jurisdiction conferred by statute or the Constitution, they lack that power. *Id.* (citing *Home Builders Ass'n*, 143 F.3d at 1010; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

The question of subject-matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Whichever party asserts federal jurisdiction bears the burden of establishing its existence. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014) (citing *Willoughby v. U.S. ex rel. U.S. Dep't of the Army,* 730 F.3d 476, 479 (5th Cir.2013)).

Courts should only grant a motion to dismiss for lack of subject-matter jurisdiction "if it appears certain that the plaintiff cannot prove any set of facts that entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Home Builders Ass'n*, 143 F.3d at 1010). In resolving a motion to dismiss for lack of subject-matter jurisdiction, courts may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (quoting *Ramming*, 281 F.3d at 161).

### B. Motion to Dismiss for Mootness

Federal courts lack subject-matter jurisdiction over moot controversies. *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338,

345 (5th Cir. 2017) (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)). Mootness can be raised "by any party at any time." *Carr*, 582 F.2d at 14.

The mootness doctrine "applies to equitable relief." *Brinsdon*, 863 F.3d at 345 (citing *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 748 n.32 (5th Cir. 2009)). Here, it potentially applies because LUPE seeks injunctive relief with respect to its § 552(a)(4)(B) claim against Defendants. *See Kovac v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex.) (citing *Brinsdon*, 863 F.3d at 345) (stating that the mootness doctrine applies because the plaintiffs seek a declaratory judgment and an injunction).

In general, the burden of proof "is on the party asserting [subject-matter] jurisdiction." *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex.1995)). Ordinarily, the plaintiff bears this burden. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In motions to dismiss for mootness, however, the burden shifts to the party asserting mootness. *See Brustein & Manasevit*, *PLLC, v. U.S. Dep't of Educ.*, 30 F. Supp. 3d 1, 5 (D.D.C. 2013) (quoting *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n,* 628 F.3d 568, 576 (D.C. Cir. 2010)) ("The 'heavy burden of establishing mootness lies with the party asserting a case is moot.'"). Here, the burden of establishing mootness lies with Defendants. *See id.*

**C. Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine dispute exists, a court must consider all the evidence and view all facts in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962) (*per curiam*) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party. *See Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009)). Where parties file

cross-motions for summary judgment, the Court reviews each independently. *Cooley v. Hous. Auth. of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014).

## III. ANALYSIS

### A. Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

Defendants argue that the Court should dismiss the case because LUPE's claims are moot. (Dkt. No. 97 at 13–15). But they also assert that the Court need not reach the issue because LUPE's federal cause of action is frivolous. If LUPE hasn't stated a valid federal cause of action, then a mootness analysis is unnecessary. Here, validity is a threshold issue. As such, the Court will decide it first. Next, it will address mootness.

#### *1. LUPE's claim would be sustained under one interpretation of federal law but defeated under another.*

Defendants contend that "LUPE's claim for prospective injunctive relief for documents not yet created fails as a matter of law." (*Id.* at 16) (citing *Humane Society v. U.S. Fish and Wildlife Serv.*, 838 F. App'x 721, 732 (4th Cir. 2020)). In effect, they argue that the Court lacks subject-matter jurisdiction because LUPE has not stated a valid federal cause of action.

The district court has subject-matter jurisdiction if a party's right to the relief requested would be sustained under one interpretation of federal law but defeated under another. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing *Bell v. Hood*, 327 U.S. 678, 685 (1946)) ("Subject-matter jurisdiction exists if the right to recover will be sustained under one reading of the Constitution and laws and defeated under another."). Nevertheless, "some claims are 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (citing *Oneida Indian Nation of N.Y. v. Cnty. of Oneida, N.Y.*, 414 U.S. 661, 666 (1974)). Federal courts cannot consider these claims. *Id.* (citing *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343–44 (5th Cir. 1977)).

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'"

*Id.* (alteration in original) (citing *Southpark Square*, 565 F.2d at 343–44). Even if a plaintiff's claim is not foreclosed, "it must be more than frivolous to support federal question jurisdiction." *Southpark Square*, 565 F.2d at 342 (citing 13 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3564 (1st ed. 1973)). "The test here 'is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists.'" *Id.* at 342–43 (citing Wright, *supra*, at 428 (quoted in *Hilgeman v. National Ins. Co. of America*, 547 F.2d 298, 300 n. 1 (5th Cir. 1977))).

Neither the Supreme Court nor the Fifth Circuit have addressed whether a party can seek prospective injunctive relief under § 552(a)(4)(B) to enforce the reading-room provision, so the Court must ask if LUPE's claim is "obviously without merit." *See Atakapa Indian de Creole Nation*, 943 F.3d at 1006. Other U.S. Courts of Appeals have addressed this issue but come to different conclusions. Regardless, the decisions of the D.C. Circuit, the Second Circuit, and the Ninth Circuit support LUPE's position.

In *Citizens for Responsibility & Ethics in Washington v. United States Department of Justice*, the D.C. Circuit addressed the equitable powers of federal courts under § 552(a)(4)(B). 846 F.3d 1235, 1240–46 (D.C. Cir. 2017) (hereinafter "*CREW I*"). There, the D.C. Circuit held that "a district court possesses authority to grant . . . a prospective injunction with an affirmative duty to disclose." *Id.* at 1242. Both the Ninth Circuit and the Second Circuit agree that prospective injunctions are allowed. *See Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 873 (9th Cir. 2019) (hereinafter "*ALDF*") (quoting *Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982)) ("[W]here the district court finds a probability that alleged illegal conduct will recur in the future, an injunction may be framed to bar future violations that are likely to occur."); *N.Y. Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207, 225 (2d Cir. 2021) (hereinafter "*NYLAG*") (stating that injunctive relief should "begin with an order requiring compliance going forward, and work backward from the present in setting a timetable for making older decisions available").

Defendants rely on *Humane Society of the United States v. United States Fish and Wildlife Service*, an unpublished case from the Fourth Circuit. 838 Fed. App'x 721 (4th Cir. 2020). (*See* Dkt. No. 97 at 13–16). There, the Fourth Circuit held that injunctive relief was unavailable for documents not yet in existence. *Humane Soc'y*, 838 F. App'x at 731. FEMA maintains that the analysis of *Humane Society* puts this question beyond debate, making LUPE's contrary position so obviously without merit that the Court lacks jurisdiction to consider it.

As it pertains to the question of subject-matter jurisdiction, the sole question is whether LUPE has put forth a non-frivolous, non-foreclosed interpretation of FOIA. In answering this question, the Court does not reach the substance of the issue, i.e., whether prospective injunctive relief is available.[3] Neither the Supreme Court nor the Fifth Circuit have spoken on this issue. Other U.S. Courts of Appeals have reached different conclusions. One—the Fourth Circuit—supports Defendants' position. *See Humane Soc'y*, 838 F. App'x at 731. Three—the D.C. Circuit, the Second Circuit, and the Ninth Circuit—support LUPE's position. *See CREW I*, 846 F.3d at 1242; *NYLAG*, 987 F.3d at 225; *ALDF*, 935 F.3d at 873. In light of the persuasive authorities, LUPE's position is far from frivolous or foreclosed, and the Court therefore has subject-matter jurisdiction.

***2. Although Defendants have fully responded to LUPE's FOIA request, LUPE's policy-or-practice claim is not moot.***

Defendants argue that LUPE's claims are moot because they have fully responded to its FOIA request. (Dkt. No. 97 at 13–16). In response, LUPE asserts that FEMA's response was inadequate because of deficiencies with the index. (Dkt. No. 99). This is a standard FOIA claim concerning the adequacy of FEMA's response. LUPE also contends that the case is not moot because it seeks a prospective injunction to compel FEMA to comply with the reading-room provision. (Dkt. No. 1 at 15). This is a policy-or-practice claim based on LUPE's allegations that FEMA repeatedly failed to follow § 522(a)(2).[4] (*E.g.*, Dkt. No. 98 at 28–33).

[3] The Court addresses that issue below. *See infra* Section III.B.2.

[4] *See infra* Section III.A.2.b for a discussion of LUPE's policy-or-practice claim.

First, the Court will address whether LUPE's standard FOIA claim is moot. Second, the Court will address whether LUPE's policy-or-practice claim is moot.

**a. With respect to the requested records, LUPE's FOIA claim is moot.**

In a FOIA context, a claim is mooted when the agency properly responds to a FOIA request. *See Calhoun v. FBI*, 546 F. App'x 487, 490 (5th Cir. 2013) (citing *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1998)). "'[H]owever fitful or delayed the release of information under FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform' with respect to the particular records that were requested." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 490–91 (D.C. Cir. 1988) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

LUPE argues that FEMA has failed to fully respond to its FOIA request because FEMA has not turned over documents created after January 19, 2022. (Dkt. No. 100 at 2). The Court, however, ordered FEMA to "search for responsive records generated between January 1, 2019, and January 19, 2022." (Dkt. No 61 at 2). So, then, the Court must ask whether FOIA permits the use of those dates. (*Id.* at 1–2).

An agency may use cutoff dates in its search for documents if its decision is reasonable. *See Assassination Archives & Rsch. Ctr. v. CIA*, 657 F. Supp. 3d 95, 105 (D.C.C. 2023) (citing *McClanahan v. U.S. Dep't of Just.*, 204 F. Supp. 3d 30, 47 (D.D.C. 2016) (in turn citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 642–43 (D.C. Cir. 2002))). "Cut-off dates set for the 'date-of-search' have been 'implicitly sanctioned' as reasonable." *Id.* (quoting *McClanahan*, 204 F. Supp. 3d at 47); *cf.* C.F.R. § 16.4(a) ("In determining which are responsive to a request, a [Department of Justice] component ordinarily will include only records in its possession as of the date that it begins its search."). "[W]henever an agency determines which components to 'task' with the search is a reasonable cut-off date." *See Assassination Archives*, 657 F. Supp. at 105 (quoting *Pub. Citizen v. U.S. Dep't of State*, 276 F.3d 634, 643 (D.C. Cir. 2002)).

To establish a starting date, the Court used LUPE's FOIA request. (Dkt. No. 61 at 1–2). To establish an ending date, it used the date when FEMA's disclosure branch sent

a search-tasking email. (*Id.*). Both are reasonable. *See Assassination Archives*, 657 F. Supp. at 105 (quoting *Pub. Citizen*, 276 F.3d at 643); *cf.* C.F.R. § 16.4(a). Thus, FEMA was not required to search for records produced after January 19, 2022.

LUPE also asserts that FEMA's index was inadequate under § 552(a)(2)(E). (Dkt. No. 100 at 2–3) ("[T]he only necessary point is that FEMA failed to offer any evidence at all to sustain its burden of proving that its index meets the requirements of 5 U.S.C. § 552(a)(2)."). When an agency posts documents in an electronic reading room, it must provide a "general index." 5 U.S.C. § 552(a)(2)(E). These indexes must be "available for public inspection in an electronic format." *Id.* The D.C. Circuit has stated, "If [§ 552(a)(2)] applies, the agency's responsibilities are at an end once it provides a *reasonable* index of the requested decisions and makes the files containing them available." *Irons & Sears v. Dann*, 606 F.2d 1215, 1223 (D.C. Cir. 1979) (emphasis added).

Aside from *Irons*'s pronouncement that an index must be reasonable, there is little caselaw interpreting the indexing requirement of § 552(a)(2). *Humane Society* is one of the few pertinent cases. *See* 838 F. App'x at 732. There, the Fourth Circuit holds that "[t]here is no reasonable reading of the remedial provision that demonstrates entitlement to relief based upon the sufficiency of a FOIA index*." Id.* The Fourth Circuit continues, "The records in this case are delineated by species, and Appellants cite no persuasive authority that this is somehow insufficient." *Id.*

Other than *Irons*¸ LUPE cites only *Local Access, LLC v. Peerless Network, Inc.*, an unpublished district court opinion addressing Federal Rule of Civil Procedure 34. No. 6:17–cv–236–Orl–40TBS, 2018 WL 2938393 (M.D. Fla. June 12, 2018). The Court finds no reason to apply Rule 34 precedent to the indexing requirement of § 552(a)(2). Neither FOIA nor the caselaw encourage it to do so. *Local Access*, then, carries no precedential weight.

FEMA has provided an index that is publicly accessible in electronic form.[5] There, it categorizes documents by type and provides a brief, descriptive title. *See id.* Without

[5] *General Records Index: La Union Del Pueblo Entero v. FEMA, 21-cv-071 (S.D. Tex.),* U.S. DEPARTMENT OF HOMELAND SECURITY (Jan. 23, 2024), https://www.dhs.gov/sites/default/files/2024-01/24_0117_priv_general-records-index-LUPE.pdf [https://perma.cc/NGK5PPFZ].

any persuasive authority to support LUPE's argument, the Court holds that FEMA's index is reasonable. And even if it were unreasonable, the text of § 552(a)(2) suggests that relief is unavailable based solely on the adequacy of an index. *Humane Soc'y*, 838 F. App'x at 732.

LUPE's counterarguments fail to save this claim. With respect to existing documents, FEMA has fulfilled its FOIA obligations. *See Payne*, 837 F.2d at 490–91. The Court has no further statutory function to perform with respect to those records. *See id.* So, any claims arising from LUPE's FOIA request with respect to FEMA's responsive records, including the index, are moot.

**b. LUPE's policy-or-practice claim is not moot**.

In general, parties cannot bring a FOIA claim after all requested, non-exempt records are disclosed, whether voluntarily or after a court order. *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 778 (D.C. Cir. 2018). The D.C. Circuit, however, recognizes an exception to mootness where an agency has a "policy or practice" that will lead to future FOIA violations. *See, e.g.*, *Payne*, 837 F.2d at 491. "[E]ven though a party may have obtained relief as to a *specific request* under FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." *Id.* "The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant to determining whether a challenge to that policy or practice is moot." *Id.* The First Circuit and Ninth Circuit recognize similar claims. *See, e.g.*, *Lybarger v. Cardwell*, 577 F.2d 764, 767 (1st Cir. 1978); *ALDF*, 935 F.3d at 874 (quoting *Hajro v. U.S. Citizenship and Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2015)).

Voluntary cessation of a challenged practice will not moot an otherwise valid claim unless the defendant can show that there is no reasonable expectation that the wrong will be repeated. *See Payne*, 837 F.2d at 491–92 (citing *Cnty. of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)) ("[T]he Government has not come close to satisfying the *heavy burden* of demonstrating 'that "there is no reasonable expectation" . . . that the alleged violation will recur.'"). An agency's mere promise to desist from the challenged practice is insufficient without supporting facts. *See id.*

To bring a policy-or-practice claim, a plaintiff must show information that "evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of FOIA." *Id.* at 491. Policy-or-practice claims cannot, however, be based on an isolated mistake. *See id.*; *Hajro*, 811 F.3d at 1104. The Court will not draw conclusions about agency-wide practices from a single case. *See Nkihtaqmikon v. Bureau of Indian Affs.*, 672 F. Supp. 2d 154, 170-71 (D. Me. 2009) ("[T]o draw general conclusions about … agency-wide patterns and practices from its handling of one case is a step too far."); *Navigators Ins. Co. v. U.S. Dep't of Just.*, 155 F. Supp. 3d 157, 168 (D. Conn. 2016) (refusing to infer general conclusions about agency-wide practices from one case).

"To date, there exists no Fifth Circuit case law acknowledging for addressing pattern, practice, or policy claims . . . ." *Atchafalaya Basinkeeper, Inc. v. U.S. Army Corps of Eng'rs*, No. CV 21-317, 2022 WL 219050, at *11 (E.D. La. Jan. 25, 2022). Other U.S. Courts of Appeals, however, do recognize these claims. *See, e.g.*, *Payne*, 837 F.2d at 491. Here, deciding whether to recognize these claims is unnecessary. For now, the Court will assume arguendo that LUPE's policy-or-practice claim is permissible and ask whether it is moot.

In its Complaint, LUPE alleges that FEMA relies on unpublished rules for evaluating IHP applications. (Dkt. No. 1 at 6). It also alleges that FEMA keeps rules secret from the public and has since 2018 repeatedly refused to provide IHP records pursuant to FOIA requests. (*Id.* at 6, 8).

FEMA admits to relying on unreleased IHP documents. (Dkt. No. 40-3 at 4–5) (Declaration of Johnathan M. Torres) (stating why FEMA must assess IHP claims using documents that are unavailable to the public). Despite FEMA's declaration that it would evaluate documents as they are created, it never represented that it would stop evaluating IHP applications using documents that are unavailable to the public. (Dkt. Nos. 40 at 4; 40-1 at 3).

FEMA's explanations for why it keeps some documents private might prove meritorious, (*see* Dkt. No. 40-3 at 4–5); however, the Court does not weigh evidence when deciding whether a claim is moot. Likewise, the Court does not consider whether FEMA ought to have posted its private documents. Here, the only question is whether FEMA's

actions have mooted LUPE's policy-or-practice claim. Other factual and legal issues go to the merits of LUPE's claim, and it is not proper to resolve those issues here. *See Williamson v. Tucker*, 645 F.2d 404, 415–416 (5th Cir. 1981).

Assuming without deciding that the D.C. Circuit is correct, LUPE's claim is plausible. Defendants fail to show that there is no reasonable expectation that the alleged wrong will be repeated.

For the reasons set forth above, Defendants' motion to dismiss is **DENIED**.

### B. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on two issues: (1) whether LUPE has met the requirements for the Court to issue prospective injunctive relief; and (2) whether the Court has the authority to compel FEMA to post documents in an electronic reading room. (Dkt. No. 97 at 16–21). FEMA argues that the answer to both questions is no. (*Id.*) The Court addresses both issues in turn.

#### *1. LUPE has failed to establish that FEMA has a policy or practice of violating FOIA.*

LUPE asks for a prospective injunction that "order[s] Defendants to make all of their substantive and procedural IHP eligibility standards used at any time after January 1, 2019—*including all future standards*—publicly available in an electronic reading room, and to do so without further request." (Dkt. No. 1 at 15) (emphasis added). Defendants argue that LUPE has failed to prove the elements of its claim for injunctive relief. (Dkt. No. 97 at 16–19).

As noted above, although other U.S. Courts of Appeals do acknowledge these claims, the Fifth Circuit has yet to recognize the validity of a policy-or-practice claim. *Atchafalaya Basinkeeper,* 2022 WL 219050 at *11. Nevertheless, even if the Fifth Circuit recognized policy-or-practice claims, LUPE's claim cannot survive summary judgment.

In the D.C. Circuit, requests for prospective injunctive relief must be anchored in a policy-or-practice claim. *See Jud. Watch*, 895 F.3d at 783 (citations omitted) (citing *Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 874 F.3d 287, 292 (D.C. Cir. 2017) (hereinafter "*Center*"); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Just.*, 846 F.3d 1235, 1242, 1246 (D.C. Cir. 2017) (hereinafter "*CREW II*"); *Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012); *Payne*,

837 F.2d at 491; *Lybarger*, 577 F.2d at 767). Courts must find that an agency "demonstrates a lack of due diligence and is so delinquent or recalcitrant as to warrant injunctive relief because ordinary remedies . . . would be inadequate to overcome an agency *policy or practice*." *Id.* (emphasis added) (citations omitted). "[T]he necessary determination is that there exists some *cognizable danger of recurrent violation*, something more than the mere possibility which serves to keep the case alive." *Id.* (emphasis added) (quoting *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "[T]he court's prime consideration should be the effect on the public of disclosure or non-disclosure." *Id.* (quoting *Long*, 693 F.2d at 909). Other "[f]actors to be 'considered are the *bona fides* of the expressed intent to comply, the effectiveness of the discontinuance [of the violation] and . . . the character of the past violations.'" *Id.* (alteration in original) (quoting *W.T. Grant*¸ 345 U.S. at 633).

"A plaintiff seeking prospective relief from an alleged government policy must first establish 'the existence of the challenged policy.' . . . And 'more than a nebulous assertion of the existence of a "policy" is required to establish standing.'" *Telematch, Inc. v. U.S. Dep't of Agric.*, No. CV 19-2372 (TJK), 2020 WL 7014206, at *10 (D.D.C. Nov. 27, 2020) (citation omitted) (quoting *Haase v. Sessions*, 835 F.2d 902, 910–11 (D.C. Cir. 1987)), *aff'd*, 45 F.4th 343 (D.C. Cir. 2022). "A government defendant is presumed to adhere to the law declared by the court." *See Center*, 874 F.3d at 292 (citing *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985)).

Here, the evidence is insufficient for the Court to find that there is a cognizable danger of recurrent violation. *See Jud. Watch*, 895 F.3d at 783 (quoting *W.T. Grant*, 345 U.S. at 633). FEMA has committed to reviewing future documents as they are created. (Dkt. No. 40-1 at 3). LUPE fails to proffer evidence to overcome the presumption that FEMA will follow the law when evaluating these documents.

LUPE relies on *La Union del Pueblo Entero v. Federal Emergency Management Agency* to illustrate the problems with FEMA's use of unpublished documents. *See* 608 F.3d 217, 224–25 n.3 (5th Cir. 2010) (hereinafter "*LUPE*"). It does not, however, explain how the criticized practice, which the *LUPE* Court did not enjoin, was continued in this case. Here, LUPE has stipulated that FEMA's disclosures were adequate. (Dkt. No. 79).

*LUPE* and this case are distinguishable, and the former does not support a finding of delinquency or recalcitrance here.

LUPE also alleges that FEMA failed to comply with FOIA before May 2021. (Dkt. No. 98 at 21–24). Although LUPE points to many instances of misbehavior, it has failed to connect them. Discrete violations do not constitute a pattern unless joined together by something more than the mere fact that they occurred. Based on LUPE's evidence, the Court finds that the delay in this case was unconnected to other incidents in which FEMA violated FOIA.

Policy-or-practice claims must tend to show that an agency has a pattern of disobeying a FOIA provision. Here, the alleged violations concern the release of documents associated with IHP, but they do not suggest that FEMA has adopted a policy, practice, or pattern of delay. (*See* Dkt. No. 98 at 29). Each violation is unique. (*See id.*). If plaintiffs could obtain injunctive relief by joining together unrelated violations, courts would have to enjoin every agency of the federal government. Such a reading of § 552(a)(4)(B) would create absurd results. "[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575 (1982) (citing *United States v. American Trucking Assns., Inc.*, 310 U.S. 534, 542–543 (1940); *Haggar Co. v. Helvering*, 308 U.S. 389, 394 (1940)).

The Court will not infer that FEMA has a pattern of delay because there was a delay in this case. Here, LUPE makes only a "nebulous assertion of a 'policy.'" *See Telematch*, 2020 WL 7014206, at *10 (D.D.C. Nov. 27, 2020) (quoting *Haase*, 835 F.2d at 910–11). Its claim is not saved by pointing to prior unconnected violations. FEMA has violated FOIA, but violations alone, especially in a single case, do not show a pattern of delinquency or recalcitrance that merits a prospective injunction.

Even if the Fifth Circuit recognized policy-or-practice claims as established by the D.C. Circuit, LUPE's claim would not survive summary judgment. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on LUPE's request for prospective injunctive relief under 5 U.S.C. § 552(a)(4)(B).

#### 2. *The Court does not reach the question of whether FOIA's remedial provision, § 552(a)(4)(B), authorizes courts to order agencies to post documents online.*

Defendants also move for summary judgment on the question of whether the Court has the authority to issue a prospective injunction ordering FEMA to post documents in an online reading room in the future. (Dkt. No. 97 at 16–19). Under § 552(a)(4)(B), district courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). As with policy-or-practice claims, neither the Supreme Court nor the Fifth Circuit has addressed this issue. Other U.S. Courts of Appeals are split on the question. *Compare CREW I*, 846 F.3d at 1244; *with ALDF*, 935 F.3d at 877; *and NYLAG*, 987 F.3d at 215.

The extent of a district court's equitable powers under § 552(a)(4)(B) is an important question under FOIA. Here, however, it will remain unanswered.[6] Even under the authorities on which LUPE relies, obtaining a prospective FOIA injunction is contingent on lodging a successful policy-or-practice claim. *See, e.g.*, *Jud. Watch*, 895 F.3d at 783 (citing *Center*, 874 F.3d at 292; *CREW II*, 846 F.3d at 1242, 1246; *Newport Aeronautical Sales*, 684 F.3d at 164; *Payne*, 837 F.2d at 491; *Lybarger*, 577 F.2d at 767). The Court has determined that LUPE failed to do so in this case. *See supra* Section III.B.1. Regardless of how this Court might decide the question of whether courts have the authority to issue prospective injunctions, LUPE is not entitled to the requested injunction in this case. Therefore, the question of the Court's authority to issue such injunction is moot. The Court declines to consider the issue in adherence to the principle of judicial restraint. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C.J.,

[6] On this issue, the Court finds the Ninth Circuit's analysis in *ALDF* to be persuasive. 935 F.3d at 869–73. Put simply, the Ninth Circuit held that forbidding courts from issuing a prospective injunction requiring an agency to post documents online would violate the surplusage canon of statutory interpretation. *See id.*; *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174–79 (2012) ("If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*)."). Previously, acting in the position of Magistrate Judge, the Court indicated that if made to answer this question, it would agree with the Ninth Circuit, (*see* Dkt. No. 51 at 16–22); however, deciding the question then was unnecessary. (*See* Dkt. No. 57 at 7–9). The Court now declines to decide the issue as moot.

concurring) ("If it is not necessary to decide more to dispose of a case, then it is necessary *not* to decide more."). Accordingly, the Court should not rule on this question of whether § 552(a)(4)(B) provides a district court with the authority to grant prospective injunctive relief.

The Court **DENIES** Defendants' motion for summary judgment on the issue of whether the Court can issue a prospective injunction requiring FEMA to publish documents not yet in existence.

### C. Plaintiff's Motion for Summary Judgment

LUPE asks the Court to grant summary judgment on four issues. (*See* Dkt. No. 98). First, LUPE argues that § 552(a)(4)(B) empowers the Court to grant a prospective injunction requiring FEMA to post future documents in an electronic reading room. (*Id.* at 26–28). Next, LUPE asserts that it has satisfied the three elements to obtain injunctive relief: (1) that FEMA has a policy or practice of violating FOIA; (2) that that it will face irreparable harm absent an injunction; and (3) that the harm that the lack of an injunction would cause to LUPE outweighs the harm such an injunction would cause to FEMA. (*Id.* at 28–37). As explained below, each of these issues has already been resolved by the rulings on Defendants' motion for summary judgment. *See supra* Section III.B.

LUPE contends that § 552(a)(4)(B) empowers the Court to grant a prospective injunction requiring FEMA to post future documents in an electronic reading room. *(See* Dkt. No. 98 at 26–28). For the reasons stated in Section III.B.2., the Court does not reach this issue. *See supra* Section III.B.2. This issue is moot. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment on this issue.

LUPE's motion for summary judgment also asks the Court to rule that LUPE has proved as a matter of law three elements of its claim for injunctive relief: (1) that FEMA has a policy or practice of violating FOIA; (2) that that it will face irreparable harm absent an injunction; and (3) that the harm that the lack of an injunction would cause to LUPE outweighs the harm such an injunction would cause to FEMA. Each of these three issues has been resolved by virtue of the Court's ruling granting Defendants' motion for summary judgment on the issue of LUPE's policy-or-practice claim against FEMA. The Court incorporates the discussion of that issue herein by reference. *See supra*

Section III.B.1. For the reasons stated above in Section III.B.1., the Court **DENIES** Plaintiff's motion for summary judgment on these issues.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, (Dkt. No. 97), is **GRANTED IN PART** as follows: (1) Defendants' motion to dismiss LUPE's claim that FEMA has not fully responded to LUPE's FOIA request with respect to documents already in existence is **GRANTED**; and (2) Defendants' motion for summary judgment on LUPE's request for the Court to issue prospective injunctive relief under 5 U.S.C. § 552(a)(4)(B) is **GRANTED.**

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, (Dkt. No. 97), is **DENIED IN PART** as follows: (1) Defendants' motion to dismiss for lack of subject-matter jurisdiction is **DENIED**; (2) Defendants motion to dismiss LUPE's policy-or-practice claim is **DENIED**: and (3) Defendants' motion for summary judgment on whether 5 U.S.C. § 552(a)(4)(B) authorizes courts to order agencies to post documents online is **DENIED**.

Plaintiff's Motion for Summary Judgment, (Dkt. No. 98), is **DENIED**.

Based on the foregoing, all of Plaintiff's claims against Defendants are **DISMISSED**. A final judgment will be separately entered.

It is so **ORDERED**.

**SIGNED** on September 23, 2024.

John A. Kazen
United States District Judge